254 So.2d 362 (1971)
M.O. WILSON, d/b/a Hi-Li Motors, et al., Appellants,
v.
FIRST NATIONAL BANK OF MIAMI SPRINGS, a United States Banking Corporation, Formerly Known As Cutiss National Bank of Miami Springs, a United States Banking Corporation.
No. 71-77.
District Court of Appeal of Florida, Third District.
November 16, 1971.
Koeppel, Stark, Marks & Newmark, Miami, for appellants.
Broad & Cassel and Lewis Horwitz, Miami Beach, for appellee.
Before SWANN, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
Plaintiff-appellants, who are used car dealers, seek review of a final summary judgment entered in favor of defendant-appellee bank. We affirm in part and reverse in part.
Under Rule 1.220, Florida Rules of Civil Procedure, 30 F.S.A., the appellants brought a class action for conversion demanding a jury trial and judgment in excess of $5,000.00. Appellants, as used car dealers, sold cars at the South Florida Auto Auction, Inc. (not a party to the action below), and they received from *363 the auction company checks drawn on appellee First National Bank of Miami Springs. These checks were returned for insufficient funds.
Upon sale of the automobiles at the auction, each buyer would deliver to South Florida Auto Auction, Inc., a draft for the total selling price drawn upon the buyer's bank and payable to South Florida Auto Auction, Inc. It would then deposit those drafts in the appellee bank for collection.
The auction company was indebted to the appellee bank on a loan. A principal behind the auction company (also not a party to the action below) was also indebted to the appellee. The trial court considered that the balance of the auction company's indebtedness of $16,500.00 was paid on May 10, 1967, by the bank using its right of set-off against the account of the company. See § 674.208, Fla. Stat. 1969, F.S.A. (Uniform Commercial Code.) The proceeds in the auction company account at that time were a portion of the collections received from the drafts, and there was not a sufficient balance in the auction company's account to pay all of the checks drawn against the account.
To begin with, we affirm that part of the judgment which held the instant action was not properly brought as a class action. The lower court correctly relied upon Osceola Groves v. Wiley, Fla. 1955, 78 So.2d 700 and Hendler v. Rogers House Condominium, Inc., Fla.App. 1970, 234 So.2d 128. The lower court reasoned, and correctly so, that: each holder of the checks of the auto auction company acquired his interest under a separate transaction with that company; that there was no contractual relationship between the appellants or other holders of checks and the appellee bank; there was no cooperative enterprise among the appellants or among the holders of checks of the company (not all of the holders were named as parties); each appellant is suing on his own check or checks, and has no pecuniary interest in any other check which may be held by another appellant or other person; that the company's account was not denominated a trust account; there were no facts which would constitute the bank a trustee for appellants or any holders of the checks of the auction company. The interest of each appellant is completely independent of the interest of the other named appellants and is independent of the other alleged members of the class. But cf.: Harvey G. Carratt, "Note: Class Suits," 9 University of Florida Law Review 75 (1956) and Adolph Homburger, "State Class Actions and the Federal Rule," 71 Columbia Law Review 609, 621 (1971).
The lower court erred in proceeding to enter the final summary judgment after having determined that the suit was not properly brought as a class action, without giving leave to amend or prosecute separate actions. Hendler v. Rogers House Condominium, Inc., supra. Similarly, the lower court erred in depriving the plaintiff of the right to proceed in separate actions. Gordon Finance, Inc. v. Belzaguy, Fla.App. 1968, 216 So.2d 240; Dade County Medical Association v. Samartino, Fla.App. 1968, 213 So.2d 627.
Therefore, that portion of the judgment appealed which dismissed the class action is modified to be a dismissal without prejudice to proceed in separate actions, and as modified, is affirmed; that portion of the judgment appealed which granted summary final judgment for defendants is reversed.
Modified in part, and as modified affirmed, and reversed in part.