DORIS E. ZACHARY et al., Appellants, *v.* R. H. MACY & Co., INC., Respondent. (Action No. 1.)

DORIS E. ZACHARY et al., Appellants, *v.* FEDERATED DEPARTMENT STORES, INC., Respondent. (Action No. 2.)

MARGARET J. BURMAN et al., Appellants, *v.* FEDERATED DEPART-MENT STORES, INC., Respondent. (Action No. 3.)

DORIS E. ZACHARY et al., Appellants, *v.* SPARTANS INDUSTRIES, INC., Respondent. (Action No. 4.)

LLOYD ZACHARY et al., Appellants, *v.* GIMBEL BROTHERS, INC., Respondent. (Action No. 5.)

First Department, May 23, 1972.

*Sheldon V. Burman* for appellants.

*Carl D. Lobdell* of counsel (*Herbert M. Hellman* with him on the brief; *Weil, Gotshal & Manges,* attorneys), for R. H. Macy & Co., Inc., respondent.

*Jacob Imberman* of counsel (*Michael A. Cardozo* and *Jeffrey C. Cohen* with him on the brief; *Proskauer Rose Goetz & Mendelsohn,* attorneys), for Federated Department Stores, Inc., respondent.

*Alvin M. Stein* of counsel (*Jordan M. Newman* with him on the brief; *Parker, Chapin & Flattau,* attorneys), for Spartans Industries, Inc., respondent.

*Eugene H. Gordon* of counsel (*John C. Grosz* with him on the brief; *Solinger & Gordon,* attorneys), for Gimbel Brothers, Inc., respondent.

*John Carter Rice* of counsel (*De Graff, Foy, Conway & Holt-Harris,* attorneys), for the New York State Council of Retail Merchants, *amicus curiae.*

*Samuel A. Hirshowitz* of counsel (*Philip Weinberg* and *Paul S. Shemin* with him on the brief; *Louis J. Lefkowitz, Attorney-General*), for State of New York, *amicus curiae.*

EAGER, J.  These actions were brought as representative or class actions challenging, as contrary to statute, the method used by defendants (retail sellers) in computing finance charges owing by purchasers of goods under retail installment credit agreements.

We agree with Special Term that the actions are not maintainable as class or representative actions to the extent that they seek an accounting and recovery, pursuant to section 414 of the Personal Property Law of the amount equal to the finance charges alleged to have been illegally charged against all members of an alleged class of persons who have entered into retail installment credit agreements with defendants.  (See *Gaynor* v. *Rockefeller,* 15 N Y 2d 120; *Coolidge* v. *Kaskel,* 16 N Y 2d 559; *Onofrio* v. *Playboy Club of N. Y.,* 15 N Y 2d 740, revg. on dissenting opn. of STEVENS, J., 20 A D 2d 3, 6; *Hall* v. *Coburn Corp. of Amer.,* 26 N Y 2d 396; see, also, opn. of Spec. Term below 66 Misc 2d 974.)  We conclude, however, that the actions are maintainable as representative actions for a declaratory judgment as to the construction and effect of subdivision 3 of section 413 of the Personal Property Law and for the incidental relief of an injunction.  (See *Kovarsky* v. *Brooklyn Union Gas Co.,* 279 N. Y. 304, 314; *Hall* v. *Coburn Corp. of Amer., supra,* pp. 401–402.)

Subdivision 3 of section 413 of the Personal Property Law, authorizing finance charges by retail sellers against purchasers, provides:

" A seller may, in a retail instalment credit agreement, contract for and, if so contracted for, the seller or holder thereof may charge, receive and collect the service charge authorized by this article.  The service charge shall not exceed the following rates computed, for the purposes of this section, on the *outstanding indebtedness from month to month:*

" (a) On so much of the *outstanding indebtedness* as does not exceed five hundred dollars, one and one-half per centum per month;

"(b) If the *outstanding indebtedness* is more than five hundred dollars, one per centum per month on the excess over five hundred dollars of the outstanding indebtedness". (Emphasis supplied.)

The statute is clear and unambiguous and we are bound to construe and apply it according to its terms. "It is a cardinal principle to be observed in construing legislation that the court should neither limit nor extend its plain language and that, whenever practicable, ' effect must be given to all the language employed ' " (*Cahen* v. *Boyland,* 1 N Y 2d 8, 14). Resort is to be had first to the words and language of the statute to determine its construction and application and "it is not allowable to interpret what has no need of interpretation, and when the words have a definite and precise meaning, to go elsewhere in search of conjecture in order to restrict or extend the meaning." (*Meltzer* v. *Koenigsberg,* 302 N. Y. 523, 525).

The defendants, however, in disregard of the plain statutory wording requiring the computation of charges at the stated rate upon the " outstanding indebtedness ", utilize a so-called " previous balance " method. Under this method, the defendants impose a charge at the maximum rate on a " previous balance " shown in a purchaser's account; the charge is calculated and imposed for a month or other billing period on the total indebtedness as it existed on the first day of the month or other period without any consideration being given to the payments made during the month or other period.

According to the terms of the statute, finance charges may be levied at a specified rate computed " on the outstanding indebtedness from month to month ". We may not reject as meaningless the word " outstanding " appearing in the statute. We are bound to give effect to all the language employed; we are bound to assume that the words used were inserted for a purpose. (See *Palmer* v. *Van Santvoord,* 153 N. Y. 612, 616; *Crayton* v. *Larabee,* 220 N. Y. 493, 501; *Matter of Tonis* v. *Board of Regents of Univ. of State of N. Y.,* 295 N. Y. 286, 293; see, also, McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 231.)

As used here to qualify the term " indebtedness from month to month ", the word " outstanding " plainly means owing and unpaid; " outstanding indebtedness " is that amount which a debtor owes " month to month ". Indebtedness or a part thereof which has been paid is not " outstanding ". This is clear and, plainly, the statute was not intended to and does not authorize finance charges at the specified maximum rate " from month to month " on any indebtedness which has been paid. The fact is that defendants' credit plans conform to the law merely to

the extent that they recognize that no finance charge may be levied where the entire prior balance was paid during the prior billing cycle or monthly period. It defies logic that the defendants failed to recognize a *pro tanto* reduction of the outstanding indebtedness for the purpose of calculating the finance charges where there are substantial payments on account during a billing cycle or month.

The plain meaning of the statute may not be circumvented for the purpose of approving a convenient method of computing finance charges. Nor should we be unduly concerned with the arguments of the retail sellers based upon their additional inconvenience and expense in computing the charges on the basis of an indebtedness which is "outstanding". The wisdom of the Legislature in enacting the statute in its particular terms is not to be questioned by the courts. Our duty is to construe and not to legislate. (See *Bacon* v. *Miller,* 247 N. Y. 311, 317–318; *Matter of Russo* v. *Valentine,* 294 N. Y. 338, 342; *Purdy* v. *McGarity,* 262 App. Div. 623; *Matter of Brock* v. *Board of Educ. of City of N. Y.,* 194 Misc. 689, affd. 275 App. Div. 1042. See, also, McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 73.) "The courts are given the power of interpretation and not the power of legislation, and do not sit in review of the discretion of the Legislature or determine upon the expendiency, wisdom or propriety of its action in matters within its powers" (*Rieseberg* v. *State of New York,* 40 Misc 2d 676, 681).

Furthermore, where as here, the statute is plain and unambiguous, it is immaterial that since the time of its enactment in 1957, the defendants and, generally, all retail sellers, have utilized a financing method contrary to the terms of the statute, and that the Legislature has failed in the meantime to clarify or modify the statute. The "court may not substitute itself for the Legislature merely because the Legislature has failed to act" (*Matter of Spillane* v. *Katz,* 25 N Y 2d 34, 37; see, also, *Flanagan* v. *Mt. Eden Gen. Hosp.,* 24 N Y 2d 427, 432–433).

In summary, we conclude that where retail purchasers have made payments on account during a monthly or other period for which finance charges are imposed and billed, the statute does not authorize the calculation of the charges for the entire month or other period on the total amount owing on the first day of the period. In such cases, where charges are at the maximum rate, then, under the statute as written, an adjusted balance method may be utilized for computing the finance charges. Such a method would comply with the terms of the statute in authorizing charges on the "outstanding indebtedness from month to month".

Orders and judgments (Asch, J.), entered August 23 and September 2, 1971, should be reversed and vacated on the law, with costs and disbursements but motions of defendants for summary judgment should be granted to the extent of dismissing the several actions insofar as they are brought as class or representative actions to seek an accounting and a recovery of damages on behalf of a class of persons who have entered into retail installment credit agreements with defendants; the motions of defendants should be otherwise denied; cross motions of plaintiffs for summary judgment should be granted to the extent that judgments shall be entered declaring that the " previous balance " method used by defendants in computing interest and finance charges on deferred balances under retail installment credit agreements is not authorized by subdivision 3 of section 413 of the Personal Property Law and enjoining the defendants from using such method in computing interest and finance charges; and the plaintiffs' actions, insofar as they assert causes of action in favor of the several plaintiffs individually to recover damages resulting from finance charges in violation of the terms of the statute should be severed and remanded for trial. The several appeals are consolidated and the order hereon to be settled on notice.

Murphy and McNally, JJ., concur with Eager J.; Stevens, P. J., and Nunez, J., dissent and affirm on opinion of Asch, J., at Special Term.

Judgments, Supreme Court, New York County, entered on August 27, 1971 (Action No. 2), August 27, 1971 (Action No. 3), and September 27, 1971 (Action No. 4), reversed and vacated, on the law; and orders of said court entered on August 23, 1971 (Action No. 1), August 23, 1971 (Action No. 2), August 23, 1971 (Action No. 3), September 2, 1971 (Action No. 4), and August 23, 1971 (Action No. 5), so far as appealed from, reversed, on the law, and motions of defendants for summary judgment granted to the extent of dismissing the several actions insofar as they are brought as class or representative actions to seek an accounting and a recovery of damages on behalf of a class of persons who have entered into retail installment credit agreements with defendants; and the motions of defendants otherwise denied; cross motions of plaintiffs for summary judgment granted to the extent that judgments are directed to be entered declaring that the " previous balance " method used by defendants in computing interest and finance charges on deferred balances under retail installment credit agreements is not authorized by subdivision 3 of section 413 of the Personal Prop-

erty Law, and enjoining the defendants from using such method in computing interest and finance charges; and the plaintiffs' actions, insofar as they assert causes of action in favor of the several plaintiffs individually to recover damages resulting from finance charges in violation of the terms of the statute are severed and remanded for trial. The several appeals are hereby consolidated.

Settle order on notice.