PER CURIAM.
The appellants brought what they deemed to be a class action alleging that they sued on behalf of themselves and “all others similarly situated.” The trial court, relying on the decision of the Supreme Court of Florida in Osceola Groves v. Wiley, Fla.1955, 78 So.2d 700, and the decision of this court in Wilson v. First National Bank of Miami Springs, Fla.App.1971, 254 So.2d 362, dismissed the complaint with leave to amend upon a finding that the complaint did not allege a sufficient basis for a class action. The order of dismissal clearly recited the aforementioned basis therefore and stated that the defendant’s motion to dismiss “is hereby granted without prejudice to one of the plaintiffs in said cause to file an amended complaint . . .”. Thereafter, the plaintiffs declined to follow the court’s directions and filed an amended complaint almost identical to the first complaint. Thereupon, upon motion of the defendant-appellee, the court entered a final order dismissing the complaint but with the provision that, “It is not the intent of the Court in this order to preclude any of the plaintiffs from proceeding by separate action against the above mentioned defendant for damages provided each plaintiff alleges an amount of damages of which this Court can take jurisdiction.” The plaintiffs as appellants bring this appeal from that order. We affirm.
*449 The essence of appellants’ scholarly brief is that, “[T]he later rulings of the Osceola Groves case and the Wilson case indicate a stricture of the Court’s view concerning applicability of class actions, with no clear explanation of the Court’s apparent narrowing of its view concerning class action propriety at later times.” In other words, appellant concedes that the holding of the trial court is in accord with the law as established and urges that we depart therefrom. This we respectfully decline to do upon the basis of the reasons set forth in Wilson v. First National Bank of Miami Springs, supra.
Affirmed.