295 So.2d 648 (1974)
SHELL OIL COMPANY, Petitioner,
v.
The STATE of Florida, Respondent.
Nos. 74-252, 74-277.
District Court of Appeal of Florida, Third District.
June 4, 1974.
Mershon, Sawyer, Johnston, Dunwody & Cole and Aubrey V. Kendall, Miami, for petitioner.
*649 Robert L. Shevin, Atty. Gen., and J. Robert Olian, Asst. Atty. Gen., for respondent.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
The State of Florida, respondent herein, sued the Shell Oil Company, the petitioner, alleging, inter alia, usurious interest rates charged to consumers in this state who hold Shell credit cards.
The state alleged that Shell was charging a 1.5% monthly interest rate (18% per annum) on revolving credit accounts which were not paid-in-full within a specified time. It was further alleged that Shell was in violation of the provisions of Fla. Stat. § 520.35, F.S.A. of "The Retail Installment Sales Act" as well as certain sections of Ch. 687, the general usury law.
In a second count, the state averred that the activities complained of constitute a nuisance enjoinable by the state attorney general, and in the third count the state contended that under the doctrine of parens patriae the attorney general may seek an injunction as well as other remedies.
Among the other remedies the state seeks under the parens patriae theory are an accounting of all payments in excess of the lawful rate of interest on such revolving credit accounts and restitution on behalf of the citizens of Florida who allegedly overpaid upon their revolving credit accounts with Shell.
The petitioner filed motions to dismiss and for summary judgment, and following a hearing before the trial court an order was entered granting summary judgment on the state's claim for injunctive relief on the ground that it was moot. However, on the state's claim for restitution as parens patriae the court denied the motion for summary judgment.
Shell has filed a petition for a writ of certiorari and an interlocutory appeal pursuant to FAR 4.2(a), 32 F.S.A., to review the court's denial of its motion for summary judgment with respect to the parens patriae claim. The state has cross-petitioned and cross-appealed from that part of the order granting summary judgment for injunctive relief. By stipulation previously made by the parties, this case has been consolidated on appeal, and we shall treat it as a petition for certiorari.
At the outset, we note that certain of the issues present in this case were raised likewise in the context of class actions in two previous cases before this court. See, Syna v. Shell Oil Company, Fla.App. 1970, 241 So.2d 458; Federated Dept. Stores, Inc. v. Pasco, Fla.App. 1973, 275 So.2d 46.
In the latter case, Judge Pearson wrote on behalf of this court as follows:
"If the instant case proceeds as a class action the court will be faced with the realities of an impossibly complex case. The court will have to separately analyze hundreds of thousands of separate, individual revolving charge accounts to determine whether the interest received by defendants was greater than that permitted. This sort of virtually insurmountable accounting problem produces the type of complexity which renders a class action the least rather than the most expeditious method of handling the claims of different customers." (275 So.2d at p. 49.)
Shell has filed in this court an affidavit in support of this court's exercise of certiorari jurisdiction. The affidavit, executed by Jack H. Hall, Shell's manager of accounting and services, states that discovery for this case would require 553,500 hours to determine the finance charges billed to approximately 615,000 accounts in Florida. The estimated cost would be $1,905,876.
The state argues that it may prosecute this action as parens patriae, literally "parent of the country," and seek restitution due private individuals from Shell in order to protect its quasi-sovereign interests *650 which include the general health and welfare of the state.
As we perceive the state's contention, usury is a public nuisance which may be abated (see, State ex rel. Moore v. Gillian, Fla. 1940, 141 Fla. 707, 193 So. 751), ergo since such a nuisance may be enjoined and may also adversely affect the state's economy the state may seek monetary recovery on behalf of its citizens. We cannot agree.
In Hawaii v. Standard Oil Co., 405 U.S. 251, 92 S.Ct. 885, 31 L.Ed.2d 184 (1972), the United States Supreme Court considered an antitrust action brought by the State of Hawaii under § 4 of the Clayton Act for damages sustained by its citizens. As in the instant case, one count of the complaint was brought by the state as parens patriae. The Supreme Court stated:
"But the critical question is whether the injury asserted by Hawaii in its parens patriae count is an injury to its `business or property.'" (405 U.S. at 261, 92 S.Ct. at 890.)
The court held in effect that the damage to private citizens in Hawaii does not involve a separate proprietary interest of the state. The court further held that § 4 "does not authorize recovery for economic injuries to the sovereign interests of a State."
Similarly, in State of California v. Frito-Lay, Inc., 474 F.2d 774 (9th Cir.1973), also an antitrust action under § 4 brought by the state, the court stated flatly:

"Parens patriae has received no judicial recognition in this country as a basis for recovery of money damages for injuries suffered by individuals."
Therefore, we are compelled to the conclusion that the trial court erred in his conclusion that parens patriae should serve as a vehicle for restitution for individual citizens in this case.
With respect to the cross-petition taken by the state, the record shows that Shell submitted an affidavit in support of its motion for summary judgment before the trial court. Therein, Shell stated that it has complied with Section 520.35 since at least July, 1972 and it intends to fully comply with the statute in the future.
In our view, the trial court was correct in determining that the state's claim for an injunction is now moot. Cf. Milling v. Berg, Fla.App. 1958, 104 So.2d 658.
Therefore, for the reasons stated and upon the authorities cited and discussed, the petition for a writ of certiorari by Shell Oil Company is granted and the order denying the motion for summary judgment on the state's parens patriae claim is quashed with instructions to grant the motion. The cross-petition by the state is denied.
It is so ordered.