338 So.2d 1081 (1976)
IMPERIAL TOWERS CONDOMINIUM, INC., Etc., et al., Appellants,
v.
Samuel T. BROWN et al., Appellees.
Nos. 75-352, 75-962.
District Court of Appeal of Florida, Fourth District.
September 24, 1976.
Rehearing and Suggestion for Certification Denied November 29, 1976.
*1082 Henry M. Schmerer and Barry A. Mandelkorn of Ruden, Barnett, McClosky, Schuster & Schmerer, Fort Lauderdale, and Kates & Ress, P.A., North Miami, for appellants.
Paul R. Regensdorf of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellees.
BASKIN, NATALIE, Associate Judge.
These are consolidated appeals from two orders entered in the same cause in an action brought by four individual unit owners and a condominium association, Imperial Towers Condominium, Inc., against the developer. All Plaintiffs-Appellants sued individually and on behalf of all other members, unit owners and purchasers. The first interlocutory appeal is from an order finding the cause not to be maintainable as a class action. The second order dismissed an amendment to the pending complaint and had the effect of precluding the Association from maintaining the action as a class action.[1] Plaintiffs' claims are for breach of contract, breach of implied warranty, declaratory judgment as to lease and pledge agreements, equitable relief from unconscionable documents and misrepresentations under the Florida securities law. All claims pertain to the common elements. Only the class action claims have been dismissed; the claims by the parties in their individual capacities are still pending.
Imperial Towers Condominium is a 281 unit residential condominium consisting of two high rise buildings, surrounding land, parking areas and recreational facilities. The condominium was developed, built and sold by the Defendants-Appellees. The Defendants retained ownership to a portion of the condominium property used primarily for recreational purposes and rented that portion to Imperial Towers Condominium, Inc., the Association, for a period of ninety-nine years. All but 28 purchasers pledged their apartments as security for the payment of the lease rentals. The individual Plaintiffs were all purchasers of condominium units from the Defendants and are unit owners and members of the Association.[2] Forty-eight of the 281 units were resold by the original purchasers prior to the filing of this lawsuit. Many of the 281 units are held in more than one name.
Defendants contend the cause could not be maintained as a class action because of lack of identity among the alleged representatives and absent class members; lack of standing of class representatives; disparate defenses and absence of a single decisive fact or facts.[3]
Defendants urge that the trial court's ruling decided a question of fact and should *1083 not be disturbed absent an abuse of discretion. In addition, they contend that the record considered by the trial court regarding discrepancies among class members was not included on appeal.
The trial court held a hearing at an early stage of the proceedings in accordance with the procedure authorized in Federated Department Stores, Inc. v. Pasco, 275 So.2d 46 (Fla.App. 1973) which states:
"Where a plaintiff asserts the right to litigate on behalf of a class of persons not joined with him in the action, the trial court is obliged to make a determination at an early stage of the trial as to whether the suit can properly proceed as a class action... . In determining whether a class action may proceed, the trial court must not only confirm that the parties named actually represent the class, but must clearly demonstrate that the class encompasses the necessary community of interest."
See also Costin v. Hargraves, 283 So.2d 375 (Fla.App. 1973).
The trial court then held the cause was not maintainable as a class action[4] and later dismissed the class action of the Association. (See Footnote 1, supra).
We reverse both decisions of the trial court for the reasons set forth below.
Florida Statute 711.12(2) states:
"The association, whether or not incorporated, shall be an entity which shall act through its officers and shall have the capability of contracting, bringing suit, and being sued with respect to the exercise or nonexercise of its powers. For these purposes, the powers of the association shall include, but not be limited to, the maintenance, management and operation of the condominium property. When the board of administration is not controlled by the developer, the association shall have authority and the power to maintain a class action and to settle a cause of action on behalf of unit owners of a condominium with reference to matters of common interest, including, but not limited to, the common elements, the roof and structural components of a building or other improvement, and mechanical, electrical, and plumbing elements serving an improvement or a building, as distinguished from mechanical elements serving only a unit."
Prior to the amendment to Florida Statute 711.12, class actions brought by an association were dismissed on the ground that the association lacked standing since it was not a real party in interest. Hendler v. Rogers House Condominium, Inc., 234 So.2d 128 (Fla.App. 1970); Rubenstein v. Burleigh House, Inc., 305 So.2d 311 (Fla.App. 1974). The amendment removed that bar. Since this cause consists of claims relating only to the common elements, the statute, as amended in 1974, permits the association to represent the class. Wittington Condominium Apartments, Inc. v. Braemar Corp., 313 So.2d 463 (Fla.App. 1975). Defendants contend that the statutory authorization applies only to standing and that a factual *1084 compliance with the standards set forth in Port Royal, Inc. v. Conboy, 154 So.2d 734 (Fla.App. 1963) as approved in Harrell v. Hess Oil and Chemical Corp., 287 So.2d 291 (Fla. 1973) must be met. Those standards are that a complaint in a class action must:
"(1) show the necessity for bringing the action as a class suit;
(2) show the plaintiff's right to represent the class;
(3) allege that plaintiff brought suit on behalf of himself and all others similarly situated;

(4) allege the existence of a class, described with some degree of certainty;
(5) allege that the members of the class were so numerous as to make it impracticable to bring them all before the court;
(6) make it clear that plaintiff adequately represents the class; and
(7) show that the interests of the plaintiff were coextensive with the interests of the other members of the class." (Emphasis by the Court).
A class may also be defined in terms of the result sought, however.
"A class suit is maintainable where the subject of the action presents a question of common or general interest, and where all members of the class have a similar interest in obtaining the relief sought. The common or general interest must be in the object of the action, in the result sought to be accomplished in the proceedings, or in the question involved in the action. There must be a common right of recovery based on the same essential facts." Port Royal, Inc. v. Conboy, 154 So.2d 734 (Fla.App. 1963). (Emphasis added).
These standards are incorporated in Florida Statute 711.12.
Florida Statute 711.12 provides the Association with more than mere standing to maintain a class action; it effectively unites common goals in obtaining relief by declaring Association members to be a class insofar as the common elements are concerned. The class members are described in the statute with some degree of certainty and their interests are coextensive as a result of the cooperative nature of condominium ownership of the common elements. The class is defined as a matter of law.
For that reason it is not necessary for this court to review the exhibits on which the trial court relied in determining as a question of fact Plaintiffs' membership within the class.
All unit owners are members of the Association. The class action is now recognized by statute, as well as by Florida Rule of Civil Procedure 1.220, which states:
"When the question is one of common or general interest to many persons constituting a class so numerous as to make it impracticable to bring them all before the court, one or more may sue or defend for the whole."
is the most expeditious manner for the presentation of their claims.[5]
Defendants argue that the unit owners occupy diverse positions since some owners purchased their units directly from the developer, some purchased from prior owners, some purchased after the filing of this action, some failed to sign pledges and some engaged counsel. These differences may permit subclasses to be designated for the purpose of determining damages.
Because the class action is authorized by statute, any member of the class similarly situated may pursue the class action. For this reason, it was error for the court to rule out the class action concerning common elements brought by the four individual *1085 unit owners who are also members of the Association. However, the class will be adequately represented by the Association and additional representation of the class by those individual unit owners filing claims is unnecessary.
The trial court apparently considered only facts pertaining to the status of each unit purchaser without recognizing that the cause was maintainable as a class action as a matter of law under Florida Statute 711.12 because the unit owners have a common interest in the common elements. The trial court abused its discretion in so doing.
The orders of the trial court are reversed.
MAGER, C.J., concurs.
DOWNEY, J., concurs in part and dissents in part, with opinion.
DOWNEY, Judge (concurring in part and dissenting in part).
These consolidated appeals involve the validity of a complaint strewn throughout a fifteen hundred page record. Generally it appears that a condominium association and four unit owners have joined together in an action for damages and equitable relief against the original developers.
The basic complaint involved is plaintiffs' third amended complaint. Count I thereof is brought by the condominium association against the developers for damages for defects in the construction of the common elements. Count II is brought by the association for breach of a fiduciary duty because the defendant-developers while acting as the directors of the condominium association, dealt with themselves in negotiating the 99 year lease of the recreation area, all to the detriment of the subsequent unit purchasers. These two counts and Count V of the complaint are not involved in these appeals. Counts III through IX are brought by the association, and the four individual unit owners, individually and as a class. Count III is for breach of contract arising out of the defects sued upon in Count I. Count IV is for breach of warranty arising out of the defects sued upon in Count I. Count V is for misrepresentations involved in procuring the individual unit owners to enter into contracts to purchase the individual units (this count is no longer maintained as a class action).
Appellants' amendment to the third amended complaint contained Counts VI, VII, VIII, and IX brought by both the association and the four individual plaintiffs. Count VI sought a declaration of plaintiffs' rights under the 99 year recreation lease. Count VII sought a declaration of plaintiffs' rights arising out of a pledge agreement executed by some of the unit owners. Count VIII seeks equitable relief from the unconscionable 99 year lease, the pledge agreements, the declaration of condominium, and parts of the by-laws. Count IX alleges the documents in Exhibit D to the complaint were securities under Florida Statutes and defendants were in violation of the Florida Sale of Securities Law.
Plaintiffs' amended third amendment to the third amended complaint simply added an additional ground for the breach alleged in Count I and additional allegations under Count VI.
The amended fourth amendment to the third amended complaint seeks to amend Counts III, IV, VI, VII, VIII, and IX by invoking the right of the association to maintain a class action on authority of Section 711.12(2), Florida Statutes (1975), as to all of said counts.
Thus it is apparent that the basic complaint and the plethora of amendments is not involved solely with the common elements of the condominium.
The interlocutory order in 75-352 holds that none of the counts may be maintained as a class suit. This order was entered after a pretrial hearing, as is most appropriate, to determine whether or not the case could proceed as a class action. Wittington Condominium Apts., Inc. v. Braemar Corp., 313 So.2d 463 (Fla.4th DCA 1975); Federated Dept. Stores, Inc. v. Pasco, 275 So.2d 46 (Fla.3d DCA 1973). In entering the order the trial court must exercise the widest discretion, since it must consider many factual matters contained in the record. City *1086 of New York v. International Pipe & Ceramics Corp., 410 F.2d 295 (2d Cir.1969); Shumate & Co., Inc. v. National Association of Security Dealers, Inc., 509 F.2d 147 (5th Cir.1975).
In my view the trial court exercised its wide discretion properly. Apparently the trial court's inquiry led it to conclude there was too great a diversity of interests, defenses, and claims with regard to the two hundred and eighty-one present unit owners to support a class action. This conclusion finds legal support in Costin v. Hargraves, 283 So.2d 375 (Fla.1st DCA 1973), wherein the court said:
"In determining whether a class action may proceed, it must appear that the parties named actually represent the class and that the class encompasses the necessary community of interest. It must further appear that the claims, issues and defenses are common to all the members of the class. The interests of the plaintiffs must be coextensive with the interests of the other members of the class with a common right of recovery based on the same essential facts."
Under these circumstances the only basis upon which we could reverse the order precluding the maintenance of this suit as a class action would be to hold that Section 711.12(2) creates a new type of class action for condominiums enabling the association to bring a class action for all of the unit owners based simply upon their "general interest" in the subject matter. It is my conclusion that Section 711.12(2) was passed only to give condominium associations standing to sue in a class action, and that all the other requirements necessary for maintaining class actions pertain to condominium associations as to other parties.[1] I would therefore affirm the interlocutory order involved in 75-352.
The second order under review in 75-962 dated May 13, 1975, refers to the third and fourth amendments to the third amended complaint. I would reverse that part of the order dismissing the part of the amended third amendment to the third amended complaint which seeks to add an additional ground for the breach of contract alleged in paragraph 8 of Count I and affirm the order in question as it concerns the remainder of the amended third amendment. Finally, I would affirm that part of the order of May 13, 1975 which dismisses the amended fourth amendment to the third amended complaint.
In all events the first order of business on remand should be to require appellants to file another complaint with all its parts contained in one workable document.
Accordingly, I concur in part and dissent in part.
NOTES
[1] Appeal 75-352 pertains to order of January 31, 1975 declaring the cause not to be maintainable as a class action. Appeal 75-962 pertains to order of May 13, 1975 dismissing Plaintiffs' amended Fourth Amendment to Third Amended Complaint.
[2] The individual Plaintiffs were appointed conservators to operate and manage the condominium in a prior lawsuit. Plaintiffs do not dispute Defendants' allegations that that representative capacity was terminated when the Association's officers were elected and the conservators were discharged by the court.
[3] Count III is for breach of contract; Count IV is for breach of implied warranty; Count VI is for declaratory judgment as to ninety-nine year lease; Count VII is for declaratory judgment as to pledge agreements under ninety-nine year lease; Count VIII is for equitable relief from unconscionable documents, i.e., ninety-nine year lease; and Count IX is for misrepresentations under the Florida securities law.
[4] The motion challenging the class action contained the following grounds:

(1) The lack of identity, similarity or commonality of causes, issues and right to recovery among the alleged representatives and absent class members;
(2) The lack of standing of the alleged class representatives to maintain this action on behalf of the absent class members;
(3) The existence of disparate, divergent and conflicting circumstances, issues and defenses between defendants collectively as to the plaintiffs collectively and among the defendants severally and the plaintiffs severally; and
(4) The absence of a single fact, or any single set of facts which would be decisive of any of the several claims of all the parties named herein.
The court held:
"From a consideration of said motion, the pleadings, interrogatories and other matters of record in this cause, the depositions, exhibits thereto, and the other documentary evidence in this cause as well as from the presentations of counsel before the Court, the Court finds that the grounds and bases for the relief sought as set forth in said motion are well taken.
IT IS, THEREUPON, ORDERED AND ADJUDGED that this cause, nor any of the Counts thereof, is not maintainable as a class action."
[5] In Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 186, 94 S.Ct. 2140, 40 L.Ed.2d 732, separate opinion of Mr. Justice Douglas, dissenting in part, the following language appears:

"The class action is one of the few legal remedies the small claimant has against those who command the status quo. I would strengthen his hand with the view of creating a system of law that dispenses justice to the lowly as well as to those liberally endowed with power and wealth."
That philosophy applies equally in the case at bar.
[1] See Port Royal, Inc. v. Conboy, 154 So.2d 734 (Fla.2d DCA 1963).