PER CURIAM.
This appeal is by the developer-builder of a condominium from a final judgment holding that it was liable for building defects in the common elements of the condominium and assessing damages therefor. The successful counter-plaintiffs were 125 of 210 individual owners of condominiums in the development.
The principal question raised is whether the trial court properly determined that the counter-plaintiffs constituted a class for the prosecution of the action. It is urged that a proper class does not appear from the pleadings and facts of the case. We think that the law has been decided adversely to the appellant on that point in other condominium development cases. See Rubenstein v. Burleigh House, Inc., 305 So.2d 311 (Fla. 3d DCA 1974); Wittington Condominium Apartments, Inc. v. Braemar Corporation, 313 So.2d 463 (Fla. 4th DCA 1975).
The counter-defendant further urges that it was error for the court to fail to rule directly on the issue of the propriety of the class action. The record shows that counter-defendant’s motion to dismiss contained a ground directed to the propriety of a class action. The trial judge denied the motion. No further ruling on this particular issue was sought by motion in the trial court. We hold that counter-defendant’s acceptance of the ruling on the motion to dismiss without further request for ruling on the ground specified constituted a waiver of the usual requirement for an early and direct ruling on the issue as specified in Federated Dept. Stores, Inc. v. Pasco, 275 So.2d 46 (Fla. 3d DCA 1973).
Appellant’s remaining points fail to show error because appellant as counter-defendant did not properly raise the questions in the trial court. See Lee County Oil Company, Inc. v. Marshall, 98 So.2d 510 (Fla. 1st DCA 1957).
Affirmed.