### KINGS POINT COMMUNITY ASSOCIATION, Inc., et al v. KINGS POINT HOUSING CORPORATION.

No. 77 1632 CA (L) 01 G.

Circuit Court, Palm Beach County.

November 21, 1977.

Stephen N. Lipton, Miami Beach, for the plaintiffs.

Robert Scott, Fort Lauderdale, for the defendant.

LEWIS KAPNER, Circuit Judge.

This matter is presented upon motions filed by the plaintiffs herein. Upon consideration it is thereupon ordered as follows —

1) Plaintiffs' motion to amend is granted. The amended complaint attached to the said motion (docket #95) is deemed to be filed instanter and defendant shall respond within five days hereof. Plaintiffs have represented that the common elements of each respective condominium (e.g., Seville "A" Condominium) pertain to that condominium only and is not common with the common elements with the other condominiums.

2) Defendant's motion to continue is denied, except that this hearing shall be placed on the docket, number one, Monday, December 5, 1977, at 9:45 A.M. This case was filed May 6, 1977 and originally scheduled for an evidentiary hearing on October 17, 1977. Extensive discovery has already been conducted. Plaintiffs' moved to continue the hearing from the October 17th date and the court granted that motion not for the reason that the parties had failed to complete their discovery, but for the reason that the order setting the date for the hearing was not entered in sufficient time to give the parties adequate opportunity to comply with the uniform rules of pre-trial procedure.

3) Defendant's motion to strike the evidentiary hearing is denied.

This is a class action complaint. Defendant seeks an evidentiary hearing to determine the propriety of handling this cause as a class action.

When such a complaint is filed the court must determine at an early stage of the proceeding whether a community of interest exists so as to permit the maintenance of the action as a class action. This is a factual issue and is not answered conclusively by the fact that plaintiffs have alleged that such an interest exists or that the subject matter of the law suit is among those (e.g., common elements) specifically enumerated in Rule 1.220(b), Fla. R. Civ. P., the procedural rule governing class actions.

Former Rule 1.220, Fla. R. Civ. P., now Rule 1.220(a) sets forth the general requirements for maintaining a class action. This rule provides, inter alia, that class actions may be maintained "when the question is one of common or general interest."

Rule 1.220(b), Fla. R. Civ. P., applies specifically to class actions by condominium associations. Prior to adoption of this rule, con-

dominium associations were precluded from filing an action as representative of the class of condominium owners because such associations were not "a real party in interest." *Hendler v. Rogers House Condominium Inc.*, 234 So.2d 128 (4th D.C.A. 1970). Rule 1.220(b) (formerly §711.12(2), Fla. Stat. (1974), re-enacted as §718.111(2), Fla. Stat. (1977)) now provides that such associations do have standing to file a class action

> "with reference to matters of common interest, *including, but not limited to*, the common elements; the roof and structural components of a building or other improvements; mechanical, electrical, and plumbing elements serving an improvement or a building; representations of the developer pertaining to any existing or proposed commonly used facilities; and protesting ad valorem taxes on commonly used facilities." (Emphasis added.)

Thus, in actions brought by condominium associations, if the allegations involve matters of "common interest" generally, the case is treated the same as class actions generally, that is, plaintiffs must show not only that the subject matter is of interest to the members of the class generally, but that plaintiffs have otherwise conformed to the guidelines set forth in *Federated Department Stores Inc. v. Pasco*, 275 So.2d 46, 48 (3rd D.C.A 1973.) —

> "Generally, the interest of the plaintiff must be co-extensive with the interest of the other members of the class. A class suit is maintainable where the subject of the action presents questions of common or general interest, and where all the members of the class have a similar interest in obtaining the relief sought. The common or general interest must be in the object of the action, in the results sought to be accomplished in the proceedings, or in the question involved in the action. There must be a common right of recovery based on the same essential facts."

Where, however, the allegations involve matters which are specifically enumerated in the rule, a different criterion is used. In such cases a showing that the matter in controversy is in fact within the enumerated list is sufficient to permit a class action. *Imperial Towers Condominium Inc. v. Brown*, 338 So.2d 1081, (4th D.C.A. 1976) —

> "This provision describes certain factual matters with some degree of certainty [so that] *their interests are co-extensive as a result of the cooperative nature of condominium ownership of the common elements. The class is defined as a matter of law.*" (Emphasis added.)

Accordingly, in the case sub judice, with respect to claims relating to the *common elements*, plaintiffs are entitled to maintain this action as a class action as a matter of law. This ruling, however, does not obviate the need for a factual determination. It still needs to be determined whether these claims *in fact* relate to the common elements and, certainly, whether the other claims either fall within enumerated matters of common interest listed in Rule 1.220(b) or within unenumerated matters of common interest.

Furthermore, not all the issues raised by defendant should properly be considered at this evidentiary hearing. The only issue before the court relating to the propriety of whether this case should be maintained as a class action is whether the subject matter of this law suit is a matter of common elements as defined by the rule, as interpreted by *Imperial*. If plaintiff can demonstrate that the subject matter of this suit relates to common elements or any other enumerated items, then it is entitled to maintain the action as a class action as a matter of law. *Imperial Towers Condominium Inc. v. Brown*, supra. With respect to unenumerated items which are alleged to be of common interest, Rule 1.220(b) is no different from Rule 1.220(a) which requires a showing that the items are of "common interest," that is, that the subject of the action presents a question of common or general interest, *and* that this interest is in the object of the action, in the result sought to be accomplished in the proceedings, or in the question involved in the action. In short, it must be shown that there is a common right of recovery based upon the same essential facts. *Federated Department Stores Inc. v. Pasco*, supra. In this sense, class actions by condominium associations are no different from class actions generally but, by permitting condominium associations to sue "on behalf of unit owners," the Supreme Court has done away with the need for a condominium association to establish that *its* interests is co-extensive with the class members or that *it* has a similar interest in obtaining the relief sought. Were it otherwise, condominium associations would never be able to bring such actions because *their* interests would never be the same as unit owners. In place of this requirement, plaintiffs must show that the interest of the *class members* (the unit owners) are co-extensive with each other and that they all have a similar interest in obtaining the relief sought.

Another exception is that the plaintiffs need not show a standing to sue since, upon a showing of a common interest, such a standing is permitted by the rule.

To emphasize, the requirements of *Federated* apply only to allegations relating to the common interest and not to allegations relating

to common elements. If it is shown that the subject matter of these claims relate to common elements, nothing further need be shown.

It may be, as defendant argues, and as Judge Downey contended in his dissenting opinion in *Imperial*, that Rule 1.220(b) merely gave condo associations standing to sue in a class action and that the rule changed nothing with respect to elements which must be shown prior to permitting such an action to be maintained; but, if this is so, then the action of the legislature and the Supreme Court in enumerating specific items was a facile act since these items obviously are of general interest to the class members. It is more logical to conclude that the intention of the legislature and of the Supreme Court was to permit class actions by condominium associations merely upon a showing that the matter in controversy is the common elements or one of the other enumerated matters or that the matter in controversy is of "common interest" as that term has been interpreted. In any event, *Imperial* so interpreted this rule and this court is bound by that holding.

In conclusion, plaintiffs are correct in contending that if they can establish that the items in controversy relate to "common elements" they may proceed as a class action but they are incorrect in contending that an evidentiary hearing is not required or permitted. Such a hearing should be held, the issues being limited to whether the matters in controversy are in fact matters of common elements or other enumerated matters. With respect to allegations relating to matters of "common interest," a hearing is also required, but the issues are broader and would include the issues set forth in *Federated Department Stores Inc. v. Pasco*, supra.

Additionally, the court notes that some of defendant's objections relate to alleged defects in plaintiffs' complaint (see, e.g., paragraph 4, defendant's motion for determination, docket #3). If these objections are valid, they might be grounds for dismissing the complaint and, thus, should be determined at the pleading stage rather than the evidentiary stage.

Since this ruling may cause a change in the nature of the hearing now scheduled before the court, the parties are directed to again hold a pre-trial conference among themselves, at a time mutually convenient to them, and to meet with the court for a pre-hearing conference on Tuesday, November 29, 1977 at 9:45 A.M. One hour and thirty minutes shall be set aside for this pre-trial conference. If additional time for this conference is needed, counsel are directed to notify the court.