275 So.2d 278 (1973)
Harvey WATNICK, On Behalf of Himself and Others Similarly Situated, Appellant,
v.
FLORIDA COMMERCIAL BANKS, INC., a Registered Florida Bank Holding Company, Individually, through Its Affiliates, et al., Appellees.
No. 72-584.
District Court of Appeal of Florida, Third District.
March 20, 1973.
Bernstein & Robrish, Coconut Grove, and Bruce S. Rogow, Coral Gables, for appellant.
Samthers & Thompson, and James L. Armstrong III, Miami, Katz, Salmon & Louis F. Snetman, and Myles Tralins, Miami Beach, for appellees.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Plaintiff-appellant seeks review of the lower court's order granting defendant's motion to dismiss plaintiff's complaint for failure to qualify as a class action under Rule 1.220, Florida Rules of Civil Procedure, 30 F.S.A.
Defendant banks issue Bankamericard credit cards to individual customers under separate individual contracts. In 1970, plaintiff Watnick obtained such a card from defendant Bank of Kendall. He used his Bankamericard to purchase merchandise and borrow money and, thereafter, made payments on the outstanding balance. Watnick alleges that the method in which defendant banks calculated the finance *279 charge on the outstanding balance of his account resulted in a usurious interest rate in excess of the annual 18% limit provided for by F.S. § 659.181 F.S.A. Alleging violations of F.S. § 659.181 and 687.01 et seq., plaintiff commenced a class action on behalf of herself and all those persons who are holders of Bankamericard credit cards and prayed for an accounting and other relief. Defendant's motion to dismiss the complaint for failure to qualify as a class action was granted and plaintiff appealed this order.
In the application of RCP 1.220 care must be taken to determine that the parties named truly represent the class and have the necessary community of interest. [Emphasis supplied] Ross v. Gerung, Fla. 1954, 69 So.2d 650. Thus, the threshold question is whether the requirement of community of interest is present in the case sub judice. For the requisite community of interest to exist, it has been recognized that generally the interest of the plaintiff must be co-extensive with the interest of the other members of the class with a common right of recovery based on the same essential facts. Hendler v. Rogers House Condominium, Inc., Fla.App. 1970, 234 So.2d 128; Port Royal, Inc. v. Conboy, Fla.App. 1963, 154 So.2d 734. It follows, therefore, whether or not it is a class suit depends upon the circumstances of the case. Port Royal, Inc., supra.
In the case at bar, the defendant banks offer separate, individual contracts under which the card holders are permitted to manage their accounts as they choose: (1) as an interest free account, (2) as a method of obtaining cash loans, or (3) as an installment method of buying goods and services. The banks charge interest for the use of the credit cards based on the actual daily balance in the account. The resulting dollar amount and rate of each customer's interest charge, if any, depends upon the particular dates and amounts of each customer's purchases and payments.
After consideration of the above facts, we fail to find the required community of interest involved to maintain a class action. We are guided in our decision by the opinion of the Florida Supreme Court in Osceola Groves v. Wiley, Fla. 1955, 78 So.2d 700, which is analogous to the case sub judice. In Osceola, several plaintiffs, who entered into contracts of sale and lease agreements with the defendant, sought to bring a class suit for an accounting and other relief on behalf of themselves and other similarly situated. It appeared that numerous parties, other than named plaintiffs, had entered into similar contracts. It was held that the suit could not proceed as a class action on the grounds that each purchaser had acquired his interest under a separate contract, there was no showing of a cooperative enterprise, and no purchasers had a pecuniary interest in the land of the other purchasers. The court also discussed the possible differences in the individual positions of the class members and that some purchasers might be satisfied with the bargain.
Clearly the above language is applicable to our case. Each credit card holder acquired his Bankamericard under a separate contract with the defendant, there was no cooperative enterprise among the card holders, appellant is suing on his own Bankamericard account and has no pecuniary interest in any other Bankamericard account held by another. The interest of appellant is completely independent of the interest of the other alleged members of the class. Wilson v. First National Bank of Miami Springs, Fla.App. 1971, 254 So.2d 362. In Wilson, supra, which is also factually very similar to the case sub judice, this court reasserted the position of the Florida Supreme Court in Osceola, supra, in that the simple fact of identical contracts will not satisfy the requirement of community of interest to sustain a class action.
An additional reason for our determination of the lack of community of interest is worthy of mention. We have examined *280 closely the Florida cases[1] upon which appellant relies and those which we found in our own research and have discovered that these cases generally involve issues created by governmental acts that affect an identifiable class of citizens who involuntarily became involved by virtue of their position as taxpayers, property holders, etc. Although the courts never have commented expressly, it would appear that a pattern is emerging wherein the courts are more predisposed to allow class actions where public entities through the exercise of governmental authority have become involved as opposed to those actions where exclusively private entities are involved.
For the reasons stated herein, the judgment of the lower court is hereby affirmed.
Affirmed.
NOTES
[1] City of Miami v. Keton, Fla. 1959, 115 So.2d 547; City of Lakeland v. Chase National Company, 159 Fla. 783, 32 So.2d 833 (1947); Tenney v. City of Miami Beach, 152 Fla. 126, 11 So.2d 188 (1942); City of Miami Beach v. Tenney, 150 Fla. 241, 7 So.2d 136 (1942); Town of Davenport v. Hughes, 147 Fla. 228, 2 So.2d 851 (1944).