275 So.2d 568 (1973)
The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, Appellant,
v.
Allen FULLER, Appellee.
No. 73-14.
District Court of Appeal of Florida, Third District.
April 3, 1973.
Shutts & Bowen and Lawrence R. Metsch, Miami, for appellant.
Fuller & Feingold and Philip Gerson, Miami Beach, for appellee.
Before BARKDULL, C.J., and CHARLES CARROLL and HENDRY, JJ.
CARROLL, Judge.
The appellee Allen Fuller filed a complaint against the appellant insurance company, for himself and "all persons similarly situated," who were described as "insureds under major medical policies with one or more of the defendant insurers which policies provide for the payment by the insurer of all or part of the amount by which covered charges exceed a deductible amount and define the deductible amount as the greater of: (1) a basic deductible, and (2) the amount of benefits provided for such covered charges under other medical expense coverage."
In addition to proceeding on the basis of a class action as to plaintiffs, the complaint presented a class action as to defendants, by purporting to include as defendants, without naming them, all insurance companies doing business in the State of Florida which had a similar type policy with any such person and who had paid benefits to an insured on the basis set out below.
The gravamen of the action as alleged was that such insurers had systematically over-estimated the amounts to which such insured persons were entitled under their other medical expense coverages; that said practice represented a scheme of the insurers by which they had knowingly and falsely misrepresented to the insureds the amounts to which the latter were entitled under their other coverages, and that thereby the insurers intended to and did defraud the insureds by failing to pay to them portions of the benefits to which they were entitled, and for which the complaint sought recovery. Based on said allegations, recovery of such amounts alleged to have been fraudulently withheld was sought in one count as direct damages, in a second count as money had and received, and in a third count on the additional *569 ground of having been a deception in violation of § 626.952 Fla. Stat., F.S.A. and a misrepresentation in violation of § 626.956 Fla. Stat., F.S.A.
The defendant insurance company moved to dismiss on the ground that the complaint failed to set forth a proper basis for the class action. The motion was denied and the defendant appealed.
We find the appeal has merit, on authority of Osceola Groves v. Wiley, Fla. 1955, 78 So.2d 700; Port Royal, Inc. v. Conboy, Fla.App. 1963, 154 So.2d 734; Gordon Finance, Inc. v. Belzaguy, Fla.App. 1968, 216 So.2d 240; Wilson v. First National Bank of Miami Springs, Fla.App. 1971, 254 So.2d 362.
We agree with the contention of the appellant that the basis upon which recovery is sought by the complaint for each of the members of the defined class is alleged fraud and misrepresentation. For the reasons stated in Osceola Groves v. Wiley, supra, proceeding therefor by class suit is impermissible.
Moreover, a class action was not proper where the claims involved were commercial transactions of the several purported class plaintiffs with no contractual relationship between them, with no co-operative enterprise, and where each "plaintiff" would be suing on a separate transaction and perhaps against a separate insurer. Wilson v. First National Bank of Miami Springs, supra. See also, recently decided by this court, Federated Dept. Stores, Inc. v. Pasco, Fla.App. 1973, 275 So.2d 46; and Watnick v. Florida Commercial Banks, Inc., Fla.App. 1973, 275 So.2d 278. (Opinions filed March 20, 1973.)
Misjoinder of parties is not a basis for dismissal. Rule 1.250 FRCP, 30 F.S.A. A more appropriate motion to have been filed by the defendant would have been one to strike from the complaint the matter relating to the class action. See Gordon Finance, Inc. v. Belzaguy, supra (216 So.2d at 244-245). However, as was done by the Supreme Court in Osceola Groves v. Wiley, supra, we reverse the order denying the motion to dismiss and remand the cause to the circuit court with direction to permit the filing of an amended complaint presenting the cause of action of the plaintiff Allen Fuller against the defendant The Equitable Life Assurance Society of the United States, with elimination of the class action feature.
It is so ordered.