283 So.2d 375 (1973)
Cecil G. COSTIN, Jr., et al., Appellants,
v.
Ansel L. HARGRAVES et al., Appellees.
No. T-403.
District Court of Appeal of Florida, First District.
October 4, 1973.
Cecil G. Costin, Jr., in pro. per.; and Ellinor, Rish & Mann, Panama City, for appellants.
Robert L. Shevin, Atty. Gen., and Baya Harrison, III, Asst. Atty. Gen., Leroy Collins and Joseph C. Jacobs, of Ervin, Varn, Jacobs & Odom, Tallahassee, for appellees.
*376 JOHNSON, Judge.
In this interlocutory appeal, the appellants (defendants below) seek reversal of the order denying their motion for an order declaring that this cause cannot be maintained as a class action.
The plaintiffs-appellees, who number seventeen and purport to represent some 531 property owners, instituted the present class action seeking a declaratory judgment as to the status of certain beach property in Gulf County. The defendants-appellants, who number twenty-one, are the owners of, or have interest in, parcels of land fronting the beach area. It is undisputed that all the individual plaintiffs, as well as all the members of the classes which they seek to represent, and all the individual defendants acquired their interests in and to their respective parcels of land under separate conveyances.
The only issue for our determination is whether or not the instant suit qualifies as a class action under Florida Civil Procedure Rule 1.220, 30 F.S.A.
Plaintiffs-appellees contend that this is a proper class action suit inasmuch as they have shown their right to represent the various classes, that the classes were described with sufficient certainty, that the members of the classes are so numerous as to make it impractical to bring them all before the court, that there is a common right of recovery based upon the same essential facts and that a determination of the question before the court would necessarily affect all 531 property owners equally. In their complaint, plaintiffs have alleged various theories or bases for relief. Said theories include fraud, easement by prescription, breach of covenants and dedication of the beach area in question.
The defendants, on the other hand, contend that the suit is not maintainable as a class action for numerous reasons. First, it is pointed out that a similar suit was instituted in 1960 and was dismissed with prejudice. At least two of the plaintiffs in the present suit are in direct privity with a plaintiff in the 1960 action and thus the defense of res judicata or estoppel would lie against said plaintiffs. Also, several of the defendants will have a defense of waiver and estoppel, inasmuch as they commenced construction of a building on their parcel of land in 1967 and the plaintiffs were aware of this and made no objection thereto. Further, affidavits were submitted to the court below from 27 persons who own property in the classes which the plaintiffs allegedly represent. Said affidavits illustrate that no representations, either verbal or written, were made to the affiants by the sellers of the property or anyone representing them. Defendants also point out that the Statute of Frauds would be applicable to any verbal representations allegedly made by one of the sellers; that there is no showing of a cooperative enterprise among the plaintiffs; that no plaintiff has a pecuniary interest other than those covered by his own contract; and that those purchasers who consider themselves to have been induced by fraud or misrepresentation to purchase their property would have a choice of remedies if they prevail and therefore a class action suit is impermissible for the reasons stated in Osceola Groves v. Wiley, 78 So.2d 700 (Fla. 1955).
We have given full consideration to the record on appeal, the briefs and the oral arguments submitted by the parties herein. It is our conclusion that the appellants' contentions are sound and that this suit should not and cannot be maintained as a class action.
In determining whether a class action may proceed, it must appear that the parties named actually represent the class and that the class encompasses the necessary community of interest. It must further appear that the claims, issues and defenses are common to all the members of the class. The interests of the plaintiffs must be coextensive with the interests of the other members of the class with a common right of recovery based on the same essential facts. Such determinations are *377 indispensable to the maintenance of a class action because the various class members are made parties to the litigation involuntarily and will be bound by whatever results may follow, regardless of their separate or individual desires. Indeed, the resulting judgment is res judicata upon the rights of the entire class despite their lack of participation in, or perhaps even knowledge of, the proceedings. Tenney v. City of Miami Beach, 152 Fla. 126, 11 So.2d 188 (1942); Osceola Groves v. Wiley, supra; Port Royal, Inc. v. Conboy, 154 So.2d 734 (Fla.App.2nd, 1963).
Here, it is our conclusion that plaintiffs-appellees have failed to demonstrate the necessary community of interest. Each plaintiff acquired his interest under a separate contract of conveyance, there is no showing of a cooperative enterprise among the plaintiffs, and none of the plaintiffs has a pecuniary interest in land other than that covered by his own separate contract. Also, it is apparent from the complaint, the answers thereto and the affidavits submitted by appellants in support of their motion for an order declaring that the suit cannot be maintained as a class action, that the claims, issues and defenses are not common to all the members of the purported classes named herein. As noted above, at least four theories of relief are claimed by appellees. From the record before this Court, there appears to be no single fact which would be decisive of any of the several claims of all the parties named herein. The extent to which any plaintiff or any member of plaintiffs' "class" may be entitled to the relief sought would be dependent upon different facts and circumstances for each plaintiff, as well as different defenses for each defendant. Such being the situation, a class action cannot lie. If the instant case were to proceed as a class action, the court would be faced with the realities of an impossibly complex case. Each claim of the 531 property owners would have to be analyzed in connection with his separate contract of conveyance and the particular circumstances surrounding it. This claim would then have to be weighed against the myriad of defenses available to each or any of the defendants. This procedure would produce the type of complexity which renders a class action the least rather than the most expeditious method of handling the claims of the various property owners involved herein.
We therefore reverse the order of the trial court denying appellants' motion for an order declaring that this suit cannot be maintained as a class action and remand this case with directions to enter a final judgment dismissing the complaint, but without prejudice to allowing further amendment to conform to this decision.
Reversed and remanded with directions.
WIGGINTON, Acting C.J., and SPECTOR, J., concur.