294 So.2d 337 (1974)
Hildred SAMS, On Behalf of Himself and All Others Similarly Situated, Appellant,
v.
WINN-DIXIE STORES, INC., a Florida Corporation, Appellee.
No. 74-131.
District Court of Appeal of Florida, Third District.
April 30, 1974.
Rehearing Denied May 28, 1974.
Marvin Kurzban, Miami, for appellant.
Nicholson, Howard, Brawner & Lovett and Robert A. Freyer, Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellant by this interlocutory appeal seeks review of the trial court's order granting defendant-appellee's motion to dismiss this cause for failure to allege all the necessary elements of a class action.
Plaintiff-appellant, Hildred Sams, a former employee of the defendant, Winn-Dixie Stores, Inc., originally filed a class action on behalf of himself and all other employees who went on strike and as a result thereof permanently were replaced, to collect certain sums alleged to be due under the defendant-appellee's employee profit sharing program. In response thereto, defendant Winn-Dixie moved to dismiss the complaint and as grounds therefor contended that plaintiff had failed to sufficiently allege the necessary requisites of a bonafide class action. This motion was denied and on appeal this court reversed and remanded the cause with directions to dismiss the complaint without prejudice. Thereafter, plaintiff-appellant filed an amended complaint in response to which defendant again filed a motion to dismiss. The court dismissed the complaint with *338 prejudice for failure to allege all the necessary elements of a class action. Plaintiff-appellant appeals therefrom.[1] We affirm.
One of the essential elements of a class action is that the parties named truly represent the class and have the necessary community of interest; for the requisite community of interest to exist, it has been recognized generally that the interest of the plaintiff be co-extensive with the interests of the other members of the class. See Watnick v. Florida Commercial Banks, Inc., Fla.App. 1973, 275 So.2d 278 and cases cited therein.
Turning to the case sub judice, we find that although there is a single comprehensive employee profit sharing plan in which each member of the alleged class participated, the interest of each employee therein differs depending upon his (or her) age, length of employment, contribution to the plan, election and mode of payment, etc. Thus, the requisite community of interest is lacking in the instant case as the interest of appellant in the profit sharing plan is independent of the interest of the other alleged members of the class, no employee in the class has a pecuniary interest in any of his fellow employee's rights under the plan and there is no showing of a cooperative enterprise. Cf. Osceola Groves v. Wiley, Fla. 1955, 78 So.2d 700; Wilson v. First National Bank of Miami Springs, Fla.App. 1971, 254 So.2d 362; Federated Department Stores, Inc. v. Pasco, Fla.App. 1973, 275 So.2d 46; Watnick, supra; Equitable Life Assurance Society of the United States v. Fuller, Fla.App. 1973, 275 So.2d 568.
Accordingly, the order dismissing appellant's complaint with prejudice is hereby affirmed.
Affirmed.
NOTES
[1] We note that appellee cross-appealed an order denying its motion to dismiss for failure to join an indispensable party. However, in light of our disposition of the main point on appeal, it is not necessary for us to decide the cross-appeal.