305 So.2d 302 (1974)
SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Appellant,
v.
James WILSON and Mary B. McComas, On Behalf of Themselves and Others Similarly Situated, Appellees.
No. 74-546.
District Court of Appeal of Florida, Third District.
December 17, 1974.
Rehearing Denied January 22, 1975.
Walton, Lantaff, Schroeder, Carson & Wahl, Fort Lauderdale, John A. Boykin, *303 Jr., Atlanta, Ga., Mahoney, Hadlow, Chambers & Adams, Jacksonville, for appellant.
Wallace, Kreutzer & Breslow and Jeffrey S. Goldman, Miami, for appellees.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PEARSON, Judge.
The appellant, defendant in the trial court, brings for review an interlocutory order entitled "Order Granting Class Action Status." Appellant filed defensive motions and denials in its answer directed to the allegation that the appellees represented a class of plaintiffs. The order appealed from determined that the suit was properly brought as a class action and that the plaintiffs properly represented the class. We reverse upon a holding that the cause of action is not a proper one for the application of the class action rule, RCP 1.220, and a further holding that the plaintiffs have failed to show that they meet the prerequisites for the representation of the claimed class.
The appellees alleged that they had suffered lack of telephone service without any fault on their part for a period in excess of 24 hours and that they notified appellant that their telephones were inoperative. At the end of the month, the appellees received a monthly billing which did not reflect an adjustment or allowance for the period when their telephones were inoperative. The suit was instituted on behalf of Mary B. McComas, James Wilson and all other Florida subscribers of the company who had been billed for periods in excess of 24 hours and for which no adjustments were made. The appellees alleged in their complaint that it was the duty of appellant to make automatic refunds to customers when telephones were inoperative for a period of time in excess of 24 hours,[1] and they sought the following relief:
1. an accounting
2. damages in such amounts as conforms to proof
3. punitive damages
4. interest at the legal rate of interest per annum
5. reasonable attorneys' fees
6. costs of suit
7. other and further relief as the court deems proper
The court in its order recited:
* * * * * *
"9. That the Court finds that the Plaintiff's class consists of the following ascertainable members:
"The members of Plaintiffs' class consists of all those persons who had a telephone account with the Defendant, SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY; and who, through no fault of their own, phone service was out of service and inoperable for a full 24-hour period, for which period of non service such persons received no rebate, adjustment or allowance from the Defendant."
The appellees properly point out that the appellant is a regulated public utility. They allege that the appellant has not followed the regulations which have been lawfully prescribed for compensation to individual subscribers of telephone service where such service is unavailable for a period in excess of 24 hours. If this is so, *304 then the appellees seek to perform a public service, i.e., the enforcement of lawful rules and regulations for the benefit of the public. But that is beside the point in this appeal where the question concerns the appropriateness of appellee's desire to obtain an accounting and to recover damages for a large class of persons who are said to be entitled to damages. In this connection it should be noted that membership in the class is not alleged to be coextensive with subscription to telephone service. The court described the class as having the following additional limitations on membership: (1) "who, through no fault of their own, phone service was out of service and inoperable for a full 24-hour period," (2) "for which period ... such persons received no rebate ..." The class described by the court differs from that alleged by the appellees as plaintiffs in that there is no mention in the court's class of notification to the Telephone Company of the fact of the failure of service.
The appellees urge that class actions against public utilities stand upon more advantageous ground than those against private parties. See Watnick v. Florida Commercial Banks, Inc., Fla.App. 1973, 275 So.2d 278, 280. Nevertheless, the plaintiffs who propose to represent the claimed class must affirmatively show that the members of the proposed class have the necessary community of interest and that the parties named truly represent the class. Ross v. Gerung, Fla. 1954, 69 So.2d 650. See also Batman v. Louisville Gas & Electric Co., 187 Ky. 659, 220 S.W. 318 (1920).
In Port Royal, Inc. v. Conboy, Fla.App. 1963, 154 So.2d 734, the court upheld the representation of a class described as "all ad valorem tax payers residing in" the city. The action was a challenge to a contract with the city providing for a reduced tax assessment valuation for certain land. In so holding the court declared:
* * * * * *
"It is fundamental that an action is not a class suit merely because the plaintiff designates it as such in the complaint and uses the language of the rule. Whether it is or is not a class suit depends upon the circumstances surrounding the case. However, the complaint should allege facts showing the necessity for bringing the action as a class suit and the plaintiff's right to represent the class. The plaintiff should allege that he brings the suit on behalf of himself and others similarly situated. The complaint should allege the existence of a class, described with some degree of certainty, and that the members of the class are so numerous as to make it impracticable to bring them all before the court. It should be made clear that the plaintiff adequately represents the class, and whether a party adequately represents the persons on whose behalf he sues depends on the facts of the particular case."
* * * * * *
Appellant points out that the claims in this case are not based on the same essential facts in the sense that the court cannot determine the identity of the members of the class or even the size of the class without inquiring into the facts surrounding each interruption of service. Whether a person is in the class or not depends on whether lack of service was due to his fault. He could be at fault in causing the interruption himself or in failing to report it promptly or in not providing access to premises for repair purposes, thus prolonging the interruption.
The number of different factual situations creates a variety of different sub-classes of potential plaintiffs. There are commercial subscribers to telephone service as well as residential subscribers. There are rural areas of service as well as urban areas. It is not shown that the proposed class beginning with "all those persons who had a telephone account with the Defendant ... who, through no fault of their own, phone service was out ... for a full 24-hour period ..." have a common or general interest *305 in obtaining the compensatory and punitive damages sought. The trial court made its decision upon the complaint and answer. These pleadings by themselves are in our opinion insufficient to show a common or general interest in the proposed class. It is clear that appellees intend to use the accounting prayed for as a basis for a speculative class which they hope to develop. Such a proceeding is not within the intent or the language of RCP 1.220.
The second readily apparent fault in the court's determination that this action is a proper class suit appears in the finding that these appellees meet the prerequisites for the representation of the claimed class. Federated Dept. Stores v. Pasco, Fla.App. 1973, 275 So.2d 46. The diverse business losses and inconveniences involved in a 24 hour stoppage of telephone service must be considered in light of the fact that a public utility receives a regulated profit. All increases in costs are directly passed on to the customer by the regulation of rates. The appellees do not allege that they represent a cross-section of the interests involved. It appears that they are two of a very large number of possibly interested parties.
The final determination of a class suit determines the rights of all members of the class. In order to create the right to represent these parties who have not indicated their desire to be represented by the plaintiffs in a proposed class suit, the plaintiffs must show something more than the simple fact that they claim membership in the class. Sams v. Winn-Dixie, Inc., Fla.App. 1974, 294 So.2d 337 and Federated Dept. Stores v. Pasco, supra. Our review of this record convinces us that the appellees have failed to carry the burden of showing that they adequately represent the proposed class.
For the reasons set forth, we reverse the order appealed and remand the cause for such further proceedings as may be consistent with the views expressed.
Reversed and remanded.
NOTES
[1] The appellant, as defendant, in its answer alleged several defenses among which is the claim that the subject matter of the suit is within the exclusive jurisdiction of the Florida Public Service Commission. We are, on this interlocutory appeal, concerned with the single point as to the application of rule 1.220, RCP. The rule is:

"Rule 1.220. Class Actions
"When the question is one of common or general interest to many persons constituting a class so numerous as to make it impracticable to bring them all before the court, one or more may sue or defend for the whole."