307 So.2d 865 (1975)
Herman ROSENWASSER, Trustee, Appellant,
v.
Michael H. FRAGER et al., Appellees.
No. 74-1504.
District Court of Appeal of Florida, Third District.
February 4, 1975.
Rehearing Denied February 26, 1975.
Snyder, Young, Stern & Tannenbaum, and Paul R. Lipton, North Miami Beach, for appellant.
Weissenborn, Burr & Hyman and Gary M. Carman, Miami, for appellees.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This is an interlocutory appeal by the defendant, Herman Rosenwasser, Trustee, from an order denying a motion to dismiss or in the alternative to strike a class action.
The eight named plaintiffs are condominium unit owners in the Star Lake North Nautilus Condominium and the Star Lake Commodore Condominium located in Dade County, Florida. A complaint alleging fraudulent misrepresentation was filed on behalf of those unit owners named and all others similarly situated. It is alleged that the defendant, Herman Rosenwasser, Trustee, is the developer of both condominiums, as well as the lessor of a 99-year recreational lease to each condominium and that he created and served as an officer and director of both condominium associations. It is further alleged that the plaintiffs were induced to purchase their condominiums in reliance on representations made in a written brochure as to lakeside swimming, sandy beaches and courtesy bus service, none of which has been provided. The relief sought includes compensatory and punitive damages, damages for diminution in the value of the property purchased and recission and cancellation of the 99-year recreational lease. The defendant filed a motion to dismiss or strike for failure to state a cause of action in that this is not maintainable as a class action nor do the plaintiffs individually have standing to sue. The motion was denied and this interlocutory appeal ensued.
On appeal, the defendant-appellant contends that an action based upon fraud and deceit is inappropriate as a class action. We agree with this contention.
*866 On the authority of Osceola Groves v. Wiley,[1] Equitable Life Assurance Society of the United States v. Fuller,[2] and Harrell v. Hess Oil & Chemical Corporation,[3] we affirm that portion of the order denying the defendant's motion to dismiss and reverse that portion of the order denying the motion to strike from the complaint the allegations of a class action. The cause shall proceed as an action by the named plaintiffs only.
Affirmed in part, reversed in part and remanded.
NOTES
[1] Fla. 1955, 78 So.2d 700.
[2] Fla.App. 1973, 275 So.2d 568.
[3] Fla. 1973, 287 So.2d 291.