ENGLAND, Justice.
This case was brought to us on petition for writ of certiorari to review a decision of the Third District Court of Appeal holding that petitioners could not bring a class action on behalf of all telephone subscribers who do not receive financial recompense for interrupted telephone service, extending at least 24 hours, which is not a result of their own fault.[1] We tentatively granted certiorari to explore a possible direct conflict between that decision and either Port Royal, Inc. v. Conboy, 154 So.2d 734 (Fla.App.2d 1963), or City of Miami v. Keton, 115 So.2d 547 (Fla.1959).[2] Additional briefs and oral argument have sharpened the threshold jurisdictional issues, and it now appears that the constitutionally required direct conflict does not exist.[3]
In Port Royal, Inc. v. Conboy, the Second District Court of Appeal allowed a class action suit on behalf of City of Naples taxpayers after analyzing the requirements for such an action and finding no deficiencies. The court there developed its analysis from the premise, well established in Florida’s class action jurisprudence, that “a class [action] suit depends upon the circumstances surrounding the case . and whether a party adequately represents the persons on whose behalf he sues depends on the facts of the particular case.” 154 So.2d at 736-37. The district court in this case proceeded from the same premise. *221 After analyzing the same factors for class representation as the court in Port Royal, the court simply found the factual situation developed by the pleadings at variance with the necessary class action elements. The court’s decision in no way conflicts with Port Royal on any point of law, as petitioners’ counsel acknowledged in oral argument, and it patently varies as to the operative facts.[4]
Petitioners allege conflict with the City of Miami case on the ground that here, as there, the class is so numerous that individual actions are impossible. The district court’s decision did not contradict that principle. That court found other factors to exist which in its judgment required a different result.
Without a direct conflict between the decision below and any other appellate decision, we lack jurisdiction to proceed.
The writ of certiorari is discharged.
ADKINS, C. J., and ROBERTS, BOYD and OVERTON, JJ., concur.

. The district court’s decision is reported at 305 So.2d 302.

. Petitioners also alleged conflict with Watnick v. Florida Comm. Banks, Inc., 275 So. 2d 278 (Fla.App.3d 1973), on the asserted ground that the court there limited the class action rule to governmental as opposed to private acts. Petitioners argue that respondent here is a governmental agency, and that the issues in this ease are within the Watniok-announced rule. The allegation of jurisdictional conflict with Watniok is frivolous. The district court did not announce the rule of law which petitioners ascribe to the Wat-niok decision. Moreover, if it had the decision now under review would not, for that reason, be in conflict with Watniok.

.Fla.Const. art. V, § 3(b)(3).

. Petitioners complain that the district court below could not have made the factual determinations expressed in its opinion since the full record developed in the circuit court was not before the appellate court. This contention overlooks the court’s holding that the pleadings themselves are inadequate to show the common interest of the class.