330 So.2d 528 (1976)
Calvin E. DAVIDSON et al., Appellants,
v.
LELY ESTATES, INC. and Mobile Home Dynamics, Inc., Appellees.
No. 75-1180.
District Court of Appeal of Florida, Second District.
April 14, 1976.
*529 Richard B. Lansdale, Naples, for appellants.
Edward R. Rumin of Adams & Adams, Fort Lauderdale, for Mobile Home Dynamics, Inc.
Lawrence D. Martin of Vega, Brown & Nichols, Naples, for Lely Estates, Inc.
SCHEB, Judge.
The question we address on this appeal is whether the complaint filed by appellants/plaintiffs states grounds for equitable relief as a class action. The trial judge held it did not and dismissed it with prejudice. We reverse.
In substance, the plaintiffs' complaint alleged the appellee/defendant, Lely Estates, Inc., built a recreational area at an advertised cost of $100,000, and as an inducement to prospective purchasers of lots within its subdivision, represented that $400 from the purchase price of each lot would be credited to the cost of the recreational area for the benefit of lot owners in the subdivision, or in the alternative, purchasers would own 1/250th of the recreation building and common areas; that when all lots were sold, the recreational area and common areas would either be deeded to them or to a nonprofit association to hold title for their benefit as owners of property in the subdivision. The plaintiffs' complaint cast the plaintiffs into two classes. Class I consisted of those who allegedly purchased lots in reliance on the aforesaid representations made by Lely, while Class II included those who purchased lots from appellee/defendant, Mobile Home Dynamics, Inc., which acquired some of the lots from Lely and thereby became the successor title holder of the recreational area in question. Plaintiffs also allege Mobile Home Dynamics represented to the Class II plaintiffs that the recreation area and common areas would be deeded to the property owners' association which would assume maintenance of these projects. Mobile Home Dynamics allegedly has denied the plaintiffs of Class I and Class II of their rights to use the property on grounds that plaintiffs have declined to pay Mobile Home Dynamics the sum of $150,000, now allegedly demanded by that corporation for conveyance of title.
The trial judge granted a motion to dismiss filed by the defendant Lely, holding:
"1. That an action based on fraud and deceit is inappropriate in a class action. Rosenwasser vs. Frager, [Fla.App.], 307 So.2d 865.
2. That Plaintiffs cannot aggregate their individual damage claim to *530 meet jurisdictional requirements for circuit court. Curtis Publishing Co. vs. Robert Badger [Bader], 266 So.2d 78, Zahn vs. International Paper Co., [414 U.S. 291, 94 S.Ct. 505], 38 L.Ed.2d 511.
3. The Plaintiff has not alleged sufficient facts to establish a cause of action under resulting trust theory."
When plaintiffs declined to file an amended complaint, the trial court entered a final order of dismissal with prejudice.
We agree that ordinarily an action based on fraud and deceit is inappropriate as a class action. See, Rosenwasser v. Frager, Fla.App.3d 1975, 307 So.2d 865. In the usual case there will be significant differences in the nature of the fraudulent representations as well as in the degrees of reliance thereon. Arguably there is a distinction here since the representations are alleged to have been uniformly made by the defendant Lely to all Class I plaintiffs and by the defendant Mobile Home Dynamics to all Class II plaintiffs, all of whom were purchasers within the subdivision. Nevertheless, a class action for damages would appear to be improper, since in all probability there will be substantial differences in the amounts of damages to which those aggrieved may be entitled, depending on essential facts which would vary as to each plaintiff. See, Port Royal, Inc. v. Canboy, Fla.App.2d 1963, 154 So.2d 734; Sams v. Winn-Dixie Stores, Inc., Fla.App.3d 1974, 294 So.2d 337.[1]
We hold, however, that the trial court erred in dismissing the plaintiffs' complaint insofar as it set forth a claim for equitable relief, despite the fact that plaintiffs failed to allege a factual predicate for their prayer that the trial court decree a resulting trust.[2] The facts here were obviously insufficient to allege a resulting trust which depends on the intention of the parties, although perhaps presumed, to create a trust. Smith v. Smith, 1940, 143 Fla. 159, 196 So. 409; Howell v. Fiore, Fla.App.2d 1968, 210 So.2d 253. We think the plaintiffs' pleading does, however, properly allege the elements of a constructive trust, a device constructed by a court of equity to avoid the imposition of fraud or misrepresentation as a result of a transaction.[3] In the classic case on the subject the Florida Supreme Court stated that a court of equity will impose a constructive trust where one, through actual fraud, abuse of confidence, or other questionable means, gains something for himself that in equity and good conscience he should not be permitted to hold. Quinn v. Phipps, 1927, 93 Fla. 805, 113 So. 419. See also, Hallam v. Gladman, Fla.App. 1962, 132 So.2d 198. A promise to convey title, when supported by valuable consideration, may give rise to such a trust. 33 Fla.Jur., Trusts, § 64. Here the allegations that as an inducement to purchasers in the subdivision the defendants made promises to convey the title of the recreation area, yet later chose to disregard those representations, make out a sufficient case for unjust enrichment to invoke the court's equitable powers to declare a constructive trust.
While the plaintiffs' pleading was certainly not a model of legal craftsmanship, nevertheless, with liberal rules of pleading, we cannot say it did not furnish a basis for relief. Even though the plaintiffs' prayer did not pray for establishment *531 of constructive trust, every complaint does pray for general relief, and the exact form of the prayer for relief is not controlling. RCP 1.110(b); Phelps v. Higgins, Fla. App.2d 1960, 120 So.2d 633.
Furthermore, we think that appellants pled a valid class action in seeking equitable relief. In Port Royal, Inc. v. Conboy, supra, we set forth the requirements for a class action:[4]
"It is fundamental that an action is not a class suit merely because the plaintiff designates it as such in the complaint and uses the language of the rule. Whether it is or is not a class suit depends upon the circumstances surrounding the case. However, the complaint should allege facts showing the necessity for bringing the action as a class suit and the plaintiff's right to represent the class. The plaintiff should allege that he brings the suit on behalf of himself and others similarly situated. The complaint should allege the existence of a class, described with some degree of certainty, and that the members of the class are so numerous as to make it impracticable to bring them all before the court. It should be made clear that the plaintiff adequately represents the class, and whether a party adequately represents the person on whose behalf he sues depends on the facts of the particular case. Generally, the interest of the plaintiff must be co-extensive with the interest of the other members of the class. A class suit is maintainable where the subject of the action presents a question of common or general interest, and where all members of the class have a similar interest in obtaining the relief sought. The common or general interest must be in the object of the action, in the result sought to be accomplished in the proceedings, or in the question involved in the action. There must be a common right of recovery based on the same essential facts."
Here, there are 254 plaintiffs. The problems of bringing such a large group before the court are obvious. The named plaintiffs, as owners of lots within the subdivision, are described with sufficient certainty and appear to be adequate representatives of the class. All plaintiffs have a common and identical interest in such equitable relief as the court may impose. This is precisely the type of case which our class action rule, RCP 1.220, was designed to facilitate. Indeed, it is difficult to see how plaintiffs could obtain the common relief sought in equity without resorting to a class action.
Finally, we turn to the contention of appellee Mobile Home Dynamics, Inc. that the appellant Riviera Community Association, Inc. has no standing in this action. Ultimately, this may or may not be true. Riviera is a nonprofit corporation created for the obvious purpose of holding title to property for benefit of all subdivision lot owners, if and when conveyed to it by Lely or its successors. While there is no allegation that Riviera is a promisee entitled to performance, its potential function is obvious. Certainly if the trial court were to grant the relief requested by requiring a conveyance, the court could even require the plaintiffs to form an organization such as Riviera to fulfill the intended purpose of such conveyance. We therefore hold that it is premature at this point to rule on the question of standing as to Riviera. Should the trial judge find the plaintiffs are entitled to any relief, then Riviera may well serve a viable purpose.
Finding as we do that plaintiffs' complaint states grounds for equitable relief on the theory of a constructive trust, the order dismissing the complaint is hereby reversed *532 and remanded to the trial court for further proceedings consistent herewith.
McNULTY, C.J., and BOARDMAN, J., concur.
NOTES
[1] Of course, plaintiffs would not be precluded from filing individual suits for damages.
[2] Since we view the complaint as seeking equitable relief, the second ground for dismissal by the trial court, i.e., aggregation of damages claim to meet jurisdiction requirements, is of no further consequence.
[3] Interestingly, plaintiffs in their memo to the trial court in opposition to defendant's motion to dismiss referred to a "constructive" trust theory as opposed to a "resulting" trust theory.
[4] Our decision in Conboy has recently been cited with approval by our Supreme Court in Wilson v. Southern Bell Telephone & Telegraph Co., Fla. 1976, 327 So.2d 220.