DURANT, Jr., N. JOSEPH, Associate Judge.
This involves an action brought in the trial court by plaintiff-appellee to enforce a mechanic’s lien. After taking the plaintiff’s deposition, appellant-defendant filed a motion for summary judgment which was denied. This appeal ensued.
The defendant raises two points for reversal, both of which are meritorious. The first point is that the mechanic’s lien claim was defective because it was asserted against the defendant by the plaintiff in his individual capacity, but, at his deposition, the plaintiff testified that the labor, services and materials were not supplied by him in his individual capacity but by a corporation owned by the plaintiff and his wife. By thus failing to comply with the provisions of Section 713.06(2)(a), Florida Statutes, of the Mechanic’s Lien Law, the plaintiff’s lien is void. As was stated in the case of Babe’s Plumbing, Inc. v. Maier, 194 So.2d 666 (Fla. 2d DCA 1967), in referring to the Mechanic’s Lien Law:
“ . . . strict compliance with the statute is an indispensable prerequisite to either an owner, contractor or subcontractor seeking affirmative relief . . ”
The defendant’s second point involves the failure of the complaint to name the defendant’s wife as a defendant. It is undisputed that the claim of lien filed by the plaintiff alleged that the real property improved with materials allegedly furnished by him was owned by the defendant and his wife. In this instance, the actual owners of the property are each indispensable parties to the cause of action to en *1041 force the claim of lien and both should have been joined in the suit. The failure to name the defendant’s wife as a co-defendant rendered the complaint defective. See McGuire v. Consolidated Electrical Supply, Inc., 329 So.2d 411 (Fla. 4th DCA 1976).
For the foregoing reasons, the order appealed from is reversed with directions to enter a summary judgment for the defendant.
REVERSED AND REMANDED.
DOWNEY and ALDERMAN, JJ., concur.