DOWNEY, Judge.
Ocean Harbor Association, Inc., a condominium association, (on its own behalf and *1193 on behalf of its members) and Mr. and Mrs. Carl W. Heinle (individually and on behalf of a class of condominium unit owners) sued Oliver-Hoffman Corporation, the condominium developer; the City of Deerfield Beach; and J. J. Arnau (individually and as Chief Building Inspector of Deerfield Beach) for money damages said to result from improper construction of the condominium improvements. The City of Deerfield Beach filed a motion for summary judgment which the court denied, and this interlocutory appeal ensued.
Appellant contends that an interlocutory appeal is permissible because a class action was formerly cognizable in equity, citing Rosenwasser v. Frager, 307 So.2d 865 (Fla.3d DCA 1975), and the history of Fla.R. Civ.P. 1.220 as authority for its position. Appellees ignore the problem, presumably being satisfied to have the substantive question resolved at this stage of the litigation. However, since the question is jurisdictional, we cannot sweep it under the rug.
An examination of the complaint contained in appellant’s appendix demonstrates that the causes of action appellees alleged are purely for money damages, i. e., they are actions formerly cognizable at law. Thus, if Mr. and Mrs. Heinle sued as individuals only and not as the representatives of a class, no interlocutory appeal would be permissible for any of the parties, plaintiffs or defendants. And in our judgment the Heinles’ and the condominium association’s joining together to represent the entire class of condominium unit owners should not give the parties to this litigation any greater right to a review of interlocutory orders than any other individual involved in an action formerly cognizable at law.
A class action is an invention of equity. After Florida abolished the distinction between law and equity, effective January 1, 1967 (In re Florida Rules of Civil Procedure 1967 Revision, 187 So.2d 598, 600 (Fla.1966)), a class action could be utilized to obtain legal relief as well as equitable relief. Thus the question to which we address ourselves is whether a class action which seeks only money damages is an action formerly cognizable in equity so as to permit a party involved in that action to utilize Fla.App.Rule 4.2(a) to obtain review of an interlocutory order denying the party’s motion for summary judgment. We think the answer to that question lies in the following passage:
“In the final analysis, the difference between an action at law and one in equity lies largely in the mode of relief granted. If the purpose of the action is to recover a sum of money or damages, the action is clearly one at law. On the other hand, if the pleadings present issues of equitable cognizance it is a proceeding in equity.” 1 Fla.Jur., Actions, § 11.
Fla.R.Civ.P. 1.220 deals with parties to an action and allows numerous persons to be represented in a suit without having them named; that rule does not deal with the type of cause of action nor the mode of relief sought. Thus, the fact that class actions had their genesis in equity does not necessarily bring into play the rule authorizing interlocutory appeals in equitable matters.
No doubt it would be expeditious from the standpoint of these parties to dispose of the substantive question involved and be done with it. But we have no discretion in matters involving jurisdiction.[1]
Since the present action seeks only the recovery of money damages, it is clearly one at law. Therefore, an interlocutory appeal from the order denying the City’s motion for summary judgment on the ground of sovereign immunity will not lie.
Accordingly, this interlocutory appeal is dismissed.
DISMISSED.
MAGER, C. J., and DAUKSCH, J., concur.

. We are not presented with—and specifically make no pronouncement concerning—the question of the appealability of an order passing on a motion attacking the propriety of the maintenance of specific litigation as a class action.