**LEVINE, et al v. SUSIK, et al.**

No. 76-980-CA(L)01-B.

Circuit Court, Palm Beach County.

July 26, 1978.

Gene Moore, Boynton Beach, for the plaintiffs.

Curtis L. Witters, West Palm Beach, for the individual defendants.

Bernard B. Weksler, Miami, for the defendant M & M Commerce, Inc.

DANIEL T. K. HURLEY, Circuit Judge.

This case presents the question of whether a group of "cooperative apartment owners" may proceed as a plaintiff-class and allege fraudulent misrepresentation in the sale of shares in the cooperative? For the reasons set forth herein, I conclude that the answer is "yes."

The case was initially set before the court for a pretrial conference on March 22, 1978. During a discussion of the issues which would be raised at trial, defendant M & M Commerce, Inc. again questioned the plaintiffs' entitlement to proceed as a class and at the same time allege fraud. After hearing all parties, the court on March 30, 1978 entered an order establishing supplemental pretrial procedure. The order allowed for the renewal of any motions which the parties deemed proper and required the submission of

legal memoranda. (This procedure was adopted as a result of the untimely death of Judge Culver Smith to whom the case was initially assigned, and in an effort to acquaint the undersigned successor judge with the issues in the case.) In response to this order, defendant M & M Commerce, Inc. filed a composite motion to dismiss and to strike. It claimed that the plaintiffs' failure to join their wives was a fatal error in that they were indispensible parties, and it further claimed that it was legally impermissible for the plaintiffs to proceed as a class and at the same time allege fraud.

The defendant's contentions must be evaluated in light of the allegations set forth in the plaintiffs' complaint which, of course, are taken as true for the purpose of this motion. *Hochman v. Lazarus Homes Corp.*, 324 So.2d 205 (Fla. 3d DCA 1975). The complaint indicates that the plaintiffs, Jack Levine and C. J. Ramspott, are among forty-seven individuals or couples who "purchased cooperative apartments" from the defendants who developed and sold an apartment complex known as Squire Hill. The gist of their complaint is that the developer obtained a $926,000 mortgage on the land in order to construct the complex. They contend that when each party purchased their apartment they were specifically assured that no mortgage liens or other encumbrances existed that would adversely affect their ability to sell, mortgage or trade their individual apartments. Now, however, after paying a substantial purchase price and having discovered that those purchase monies were not used to reduce the mortgage, the plaintiffs have found that there is an outstanding balance on the mortgage of $898,479.83. The existing mortgage encumbers the entire project, renders the individual units unmarketable, and its non-payment places the plaintiffs in jeopardy of losing their entire investment through foreclosure.

Considering first the question of class actions containing allegations of fraud, the applicable rule was set down in *Osceola Groves v. Wiley*, 78 So.2d 700 (Fla. 1955); it was succinctly restated by the Florida Supreme Court in *Frankel v. City of Miami Beach*, 340 So.2d 463, 468 (Fla. 1976) —

> ". . . in order to institute or defend a class action wherein fraud is alleged the members of the class must: 1) be engaged in a cooperative enterprise; 2) have a joint pecuniary interest; and 3) not have a choice of remedies which may be subject to separate and distinct defenses."

In the same opinion, the court noted several instances where the rule was misapplied; it also specified three instances of its correct application — *Costin v. Hargraves*, 283 So.2d 375 (Fla. 1st DCA 1973); *Equitable Life Assurance Society v. Fuller*, 275 So.2d 568

(Fla. 3d DCA 1973) ; and *Hendler v. Rogers House Condominium, Inc.,* 234 So.2d 128 (Fla. 4th DCA 1970).

*Costin,* supra, dealt with a class of property owners who sought a declaratory judgment regarding the status of certain beach property. There the court found that a class action was improper because the plaintiffs failed to demonstrate the necessary community of interest. It reached this conclusion because "[e]ach plaintiff acquired his interest under a separate contract of conveyance, there is no showing of a cooperative enterprise among the plaintiffs, and none of the plaintiffs has a pecuniary interest in land other than that covered by his own separate contract."

*Equitable Life,* supra, involved a suit by one policy holder on behalf of a class where he alleged fraudulent misrepresentation by several insurance companies to their respective policy holders. The class action was deemed improper because ". . . the claims involved were commercial transactions of the several purported class plaintiffs with no contractual relationship between them, with no cooperative enterprise and where each "plaintiff" would be suing on a separate transaction and perhaps against a separate insurer."

The recent case of *Avila South Condominium Ass'n. Inc. v. Kappa Corp.,* 347 So.2d 599, 609 (Fla. 1976), dealt with a similar issue. There the Florida Supreme Court sustained the trial court's action of striking class action allegations from a condominium association's complaint which alleged fraud. In so doing the court said —

> The Association as well was named as plaintiff, but, taken as a whole, the complaint does not fairly allege reasonable reliance, by the Association, as opposed to the individual purchasers, on misrepresentations of existing fact. Neither was the Association alleged to be a party to any of the contracts allegedly fraudulently induced. The Association is therefore authorized to sue only if the fraud claims of the members constitute "matters of common interest." The clear import of Osceola Groves v. Wiley, supra, is that fraud claims on separate contracts are inherently diverse, as a matter of law, because "the demands of the various defrauded parties are not only legally distinct, but each depends upon its own facts . . . (and) a choice of remedies is ordinarily presented." 78 So.2d at 702 (citing Note, 1938, 114 A.L.R. 1015, 1019). We therefore conclude that the Association lacks standing with respect to the fraud claims, for much the same reasons that lead us to the conclusion that fraud claims on separate contracts cannot be consolidated into a class action.

In reviewing these cases, one is tempted to overweigh the significance which should be attributed to the "separate contract" factor and thereby conclude that its very presence negates a class action

for fraud. This, however, would be incorrect; the analysis is too facile. It must be remembered that the plaintiffs in this action are purchasers of cooperative as opposed to condominium apartments. There is a critical distinction between these two concepts. It was delineated by Mr. Justice Adkins in *In Re Estate of Wartels,* 357 So.2d 708, 709 (Fla. 1978) —

> Unlike a condominium purchaser, a cooperative apartment unit purchaser does not receive title to the cooperative apartment unit, nor does he become entitled to ownership of any portion of the building or the land upon which the cooperative apartment unit is situated. Rather, a cooperative apartment unit purchaser only receives shares in the corporation which holds title to the land on which the cooperative apartment building is constructed. In conjunction with the purchase of the shares in the cooperative corporation, the stockholder receives a lease for his individual cooperative apartment unit. In short, the purchaser of a cooperative apartment unit does not hold any type of proprietary interest in either the apartment itself or the apartment building containing the apartment unit, or the land upon which the building is situated. See Annot., "Transfer of, and Voting Rights, in Stock of Co-operative Apartments Association," 99 A.L.R.2d 236 (1965).

This case then bears some superficial resemblance to *Costin,* supra, *Equitable Life,* supra, and *Avila South,* supra, but upon closer inspection it is seen to be markedly different. The plaintiffs here are not owners of separate realty as was the situation in *Costin.* Rather, they are a group of forty-seven individuals who purchased stock in the same corporation; their interests while perhaps not financially co-equal are co-extensive. Indeed the very term "cooperative apartment" bespeaks the communal, inter-related nature of the enterprise in which they are engaged. Unlike the situation in *Equitable Life,* supra, plaintiffs do not seek relief against unrelated defendants. They claim to have been defrauded by the same defendants acting in concert and through the same scheme of fraudulent misrepresentations. Thus they have fully met the requirements of the *Osceola Groves - Frankel* rule and for the reasons so lucidly set forth in Green v. Wolf Corp., 406 F.2d 291 (2d Cir. 1968), cert. den'd., 395 U. S. 977 (1969), (a seminal case allowing a class action where the complaint alleged fraudulent misrepresentations in the sale of corporate stock), the court concludes that the plaintiffs in this action may proceed as a class and allege fraud.

Next there is the question of the plaintiffs' failure to join their wives as indispensable parties. The complaint indicates that Jack Levine and C. J. Ramspott have brought this suit ". . . *individually,* and as members of a class . . ." (emphasis supplied). If this were solely an individual action, defendant's position would be well taken and would require dismissal of the complaint. *Marson v. Comisky,*

341 So.2d 1040 (Fla. 4th DCA 1977). But in view of the court's determination that the case is properly pled as a class action, with the wife of each representative-plaintiff before the court as a member of the plaintiff-class, the deficiency (which pertains only to the individual actions) is technical at best and of minimal import. To lay the issue to rest, however, the court herewith grants leave to the plaintiffs to file a pleading which adds Mrs. Levine and Mrs. Ramspott as parties plaintiff in the individual and class actions. *Hendler v. Rogers House Condominium, Inc.*, 234 So.2d 128, 130 (Fla. 4th DCA 1970) and *Rubenstein v. Burleigh House, Inc.*, 305 So.2d 311, 313 (Fla. 3d DCA 1974).

Accordingly, it is ordered and adjudged that the defendant's motion to dismiss and strike be, and the same is herewith denied.

It is further ordered and adjudged that the plaintiffs are herewith granted leave, within ten days of the rendition of this order, to add Mrs. Levine and Mrs. Ramspott as parties plaintiff to the individual and class actions.

It is further ordered and adjudged that the trial date of Monday, September 18, 1978 at 9:30 a.m. in Room 333-L of the county courthouse at West Palm Beach is herewith confirmed.