BASKIN, Judge
(dissenting).
Purchasers of mobile home lots in Cross Key Waterways, Monroe County, filed a class action in which they sought damages predicated upon fraud. They alleged that approximately 350 purchasers relied, to their detriment, upon statements contained in the Public Offering Statement, brochure, and contract for deed, which represented that the lots would be provided access to the highway by means of a paved road and that other roads would be paved according to the specifications of the Monroe County engineer. When their repeated attempts to enforce numerous promises to pave the roads proved fruitless, the lot owners brought a class action, charging the seller, Cross Key Waterways, Inc., and its president, Joseph T. Lance, with fraud.[1] Following trial, the court entered judgments in accordance with the jury verdicts: $200,000 compensatory damages and $300,000 punitive damages against Cross Key Waterways; $50,000 compensatory damages and $60,000 punitive damages against Joseph T. Lance. This appeal ensued.
Although Florida Rule of Civil Procedure 1.220 may now permit the filing of a class action alleging fraud,[2] no similar rule authorized the institution of a class action for fraud at the time appellees filed suit. The Supreme Court of Florida has repeatedly ruled that class actions based upon claims of fraud are improper. Avila South Condominium Association v. Kappa Corp., 347 So.2d 599 (Fla.1976); Osceola Groves v. Wiley, 78 So.2d 700 (Fla.1955). In Frankel v. City of Miami Beach, 340 So.2d 463 (Fla.1976), which questioned the continuing validity of Osceola Groves, the court noted that Costin v. Hargraves, 283 So.2d 375 (Fla. 1st DCA 1973); Equitable Life Assurance Society of United States v. Fuller, 275 So.2d 568 (Fla. 3d DCA 1973); and Hendler v. Rogers House Condominium, 234 So.2d 128 (Fla. 4th DCA 1970) had correctly disapproved class actions for fraud. Furthermore, in Cherin v. Southern Star Land & Cattle Co., 400 So.2d 1 (Fla.1981), the court declined to answer the certified question presented by the appellate court in Cherin v. Southern Star Land & Cattle Co., 390 So.2d 104 (Fla. 3d DCA 1980) or to overrule Osceola Groves.
The doubt expressed by the supreme court in Frankel regarding adherence to the rule enunciated in Osceola Groves, and Justice England’s comments in his dissent in Avila South Condominium, suggest a need to remedy the class fraud problem:
The time has come, I believe, to acknowledge possibility that condominium developers in Florida may have spawned a new form of fraud — class fraud by general, public misrepresentations — and to admit that historic rules governing access to the courts are inappropriate to remedy this unique and persuasive problem.
347 So.2d at 610.
Although the supreme court may eventually reconsider the question of class action *163 fraud lawsuits, this court is required to follow the law as it presently exists, Hoffman v. Jones, 280 So.2d 431 (Fla.1973), and to reverse the judgments entered by the trial court.

. Although the two members of the class named as its representatives testified that they had relied upon the documents, other purchasers testified that they had not relied upon those documents.

. See Arnold, Class Actions in Florida—A New Look, 31 U.Fla.L.Rev. 551, 582-84 (1979); Fed.R.Civ.P. 23 advisory committee note.