529 So.2d 761 (1988)
Larry W. MATHIESON, Louis M. Gonzalez and Geoffrey M. Swann, Each Individually and On Behalf of All Persons Similarly Situated, Appellants,
v.
GENERAL MOTORS CORPORATION, Appellee.
No. 86-2998.
District Court of Appeal of Florida, Third District.
July 19, 1988.
Rehearing Denied September 2, 1988.
*762 Rossman, Baumberger & Peltz and Robert D. Peltz and Jordan J. Lewis, Miami, for appellants.
Kimbrell & Hamann and R. Benjamine Reid and Paul L. Nettleton, Miami, for appellee.
Before BARKDULL, BASKIN and FERGUSON, JJ.
PER CURIAM.
This appeal is brought from a final judgment dismissing a complaint with prejudice.
We agree that where a claim for economic loss caused by a product defect is brought, and the plaintiffs' response to a statute of limitations defense is that the unnamed plaintiffs were unaware of the defect within the time permitted for filing, the suit is inappropriate for a class action. Plaintiffs who propose to represent a class are required to show that they truly represent the purported class. Fla.R.Civ.P. 1.220; Southern Bell Tel. & Tel. Co. v. Wilson, 305 So.2d 302 (Fla. 3d DCA 1974), cert. discharged, 327 So.2d 220 (Fla. 1976). A claim is not representative where the defenses of each plaintiff would be dependent on different facts and circumstances. Costin v. Hargraves, 283 So.2d 375 (Fla. 1st DCA 1973).
We also agree with the appellees that the plaintiffs' counts for negligence and strict liability were properly dismissed since pure economic losses are not recoverable under tort theories. Florida Power & Light Co. v. Westinghouse Elec. Corp., 510 So.2d 899 (Fla. 1987); Affiliates for Evaluation & Therapy, Inc. v. Viasyn Corp., 500 So.2d 688 (Fla. 3d DCA 1987).
Nevertheless, plaintiffs' pleadings adequately stated a cause of action for breach of implied warranty against the automobile manufacturer on a theory of agency sufficient to survive a motion to dismiss. Although the term agency is a conclusion of law rather than an allegation of fact, that conclusion appears here to be so elemental as to constitute a permissible pleading. See H. Trawick, Florida Practice and Procedure § 6-6 (1987) (citing Panama Realty, Inc. v. Robinson, 305 So.2d 34 (Fla. 1st DCA 1974), cert. denied, 320 So.2d 395 (Fla. 1975)). As to the count for breach of express warranty, from the conclusory allegation it appears that a cause of action can be stated and the complaint cured by amendment. The trial court, therefore, abused its discretion in dismissing the complaint with prejudice. Affordable Homes, Inc. v. Devil's Run, Ltd., 408 So.2d 679 (Fla. 1st DCA 1982).
The final judgment is affirmed as to the dismissal of the tort counts and insofar as it determines that the suit is not maintainable as a class action. That part of the final judgment that dismisses with prejudice the warranty actions is reversed and remanded to permit the named plaintiffs to file an amended complaint.
Affirmed in part; reversed in part.