633 So.2d 21 (1993)
Nancy ARROWSMITH, et al., Appellants,
v.
BROWARD COUNTY, et al., Appellees.
No. 93-0523.
District Court of Appeal of Florida, Fourth District.
August 18, 1993.
Certification Denied September 27, 1993.
Jane Kreusler-Walsh, Jane Kreusler-Walsh, P.A., West Palm Beach, and Curtis & Curtis, P.A., Fort Lauderdale, for appellants.
John J. Copelan, Jr., County Atty., and Anthony C. Musto, Asst. County Atty., Fort Lauderdale, for appellee Broward County.
PER CURIAM.
This is a timely appeal from a non-final order denying certification of a class in an action against Broward County, several airlines and Princess Hotels International. We affirm.[1]
Appellants are 93 individuals who are suing on their own behalf and as class representatives of a class consisting of from 3,000 to 5,000 members, seeking damages against Broward County, several airlines and a hotel corporation for personal injuries and property damages due to activities at the Fort Lauderdale-Hollywood International Airport. The class members reside close to the airport, and claim that negligence by Broward County and others created a nuisance which caused them and their class members damages. For the reasons set out in the trial court's order, we affirm. The trial court stated:
Under Florida law, a proponent of class certification has the burden of pleading, and proving, each and every element required under Rule 1.220, Florida Rules of Civil Procedure. Southern Bell Tel. & Tel. Co. v. Wilson, 305 So.2d 302 (Fla. 3d DCA 1974) [, cert. denied, 327 So.2d 220 (Fla. 1976)]. Under Rule 1.220, the prerequisites for bringing a class action are as follows:
(1) the members of the class are so numerous that separate joinder of each member is impracticable, (2) the claim or defense of the representative party raises questions of law or fact common to the questions of law or fact raised by the claim or defense of each member of the class, (3) the claim or defense of the representative party is typical of the claim or defense of each member of the class and (4) the representative party can fairly and adequately protect and represent the interests of each member of the class.
Plaintiffs must allege with specificity each and every element of these prerequisites, and then the Court, based upon the evidentiary record, must make a determination that the Plaintiffs have met this burden. Paradise Shores Apartment, Inc. v. Practical Maintenance Co. [Inc.], 344 So.2d 200, *22 [sic 299] 303 (Fla. 2d DCA 1977). "It must further appear that the claims, issues, and defenses are common to all the members of the class." Costin v. Hargraves, 283 So.2d 375, 376 (Fla. 1st DCA 1973) [emphasis in original].
In the case at bar, the Court finds that Plaintiffs have failed to meet this burden. The Plaintiffs have failed to specifically allege, or prove, that each claimant has provided notice to BROWARD COUNTY and the Department of Insurance, pursuant to the requirements of Section 768.28(6), Florida Statutes. Further, "(w)here the time for such notice has expired so that it is apparent that the plaintiff cannot fulfill the requirement, the trial court has no alternative but to dismiss the complaint with prejudice." Levine v. Dade County School Board, 442 So.2d 210 (Fla. 1983). The acts of which Plaintiffs complain occurred from May 1989 until July 1989. More than three years have elapsed, and further notice of claims from the unnamed potential class members would therefore be untimely.
This lack of notice from the potential claimants who constitute the majority of the proposed class is fatal to the class certification in that Plaintiffs are unable to establish the necessary prerequisites of commonality of claims, issues and defenses by all members of the class. Certain potential class members would be subject to dismissal because of this lack of statutory notice, thus defeating Plaintiffs' attempts to meet its burden under Rule 1.220(a)(2) and (a)(3). Additionally, due to this failure to provide notice, Plaintiffs have not provided the requisite showing under 1.220(a)(1), that the class is so numerous that separate joinder of each member is impracticable. For the foregoing reasons, the Motion to Certify the Class is denied.
ANSTEAD, HERSEY and POLEN, JJ., concur.
NOTES
[1] We reject appellee's claim that we do not have jurisdiction under Rule 9.130, Florida Rules of Appellate Procedure, allowing review of orders determining class status, because the rule became effective January 1, 1993, and this action was filed in 1989. The order reviewed was entered on January 19, 1993.